UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD ALLEN HAMMONDS,          : CIVIL NO: 3:11-CV-01666
                                 :
            Plaintiff            :
                                 : (Judge Caputo)
       v.                        :
                                 : (Magistrate Judge Smyser)
JEROME WALSH, *et al.*,          :
                                 :
            Defendants           :

## REPORT AND RECOMMENDATION

The amended complaint in this case contains numerous claims and numerous defendants.  It states Eighth Amendment excessive force claims upon which relief may be granted against four of the defendants.  But it fails to state any claims upon which relief may be granted against the other twenty-five defendants.  We recommend that the court dismiss all of the claims except the Eighth Amendment excessive force claims.

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, began this civil rights action by filing a complaint.  We granted the plaintiff's application for leave to proceed *in forma pauperis* and reviewed the complaint in accordance with 28 U.S.C.

§ 1915A.  After concluding that the complaint fails to state a claim upon which relief may be granted as to most of the plaintiff's claims, we granted the plaintiff leave to file an amended complaint.  On September 28, 2011, he filed an amended complaint.

The amended complaint names twenty-nine defendants.  It contains claims of excessive force, verbal harassment, denial of access to the courts, retaliation, denial of mental health treatment, and confiscation of property.  The claims are based on events that happened at two different state prisons – the State Correctional Institution at Dallas and the State Correctional Institution at Frackville.

The plaintiff is seeking declaratory and injunctive relief as well as compensatory and punitive damages.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v.*

*Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the amended complaint in accordance with 28 U.S.C. § 1915A which provides, in part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

4

**(b) Grounds for dismissal**.- On review,
the court shall identify cognizable claims or
dismiss the complaint, or any portion of the
complaint, if the complaint-
(1) is frivolous, malicious, or fails to
state a claim upon which relief may be
granted; or
(2) seeks monetary relief from a
defendant who is immune from such relief.

The amended complaint states an Eighth Amendment
excessive force claim upon which relief may be granted against
four of the defendants - defendants Headman, Harrison, Bronco,
and Bucc.  For the following reasons, it fails to state any
other claims upon which relief may be granted.

A.  Personal Involvement.

The amended complaint fails to allege personal
involvement in the alleged violations of the plaintiff's rights
on the part of a number of the defendants.

"Liability may not be imposed under § 1983 on the
principle of *respondeat superior.*" *Hetzel v. Swartz*, 909
F.Supp. 261, 264 (M.D. Pa. 1995).  "Liability based on

*respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

The amended complaint contains no factual allegations regarding how defendants Brittian, Mahally, Mosier, Hutchins, Collins, Damiter, Long, Popson, Wiedow, and Kalce violated the plaintiff's rights. Some of these defendants are supervisory defendants, and it appears that the plaintiff seeks to hold them liable based on their positions. But they cannot be liable under 42 U.S.C. § 1983 on the basis of respondeat superior or merely because they are officials of the prison. Because it does not contain factual allegations which show that these defendants were personally involved in the alleged violations of the plaintiff's right, the amended complaint

6

fails to state a claim upon which relief may be granted against defendants Brittian, Mahally, Mosier, Hutchins, Collins, Damiter, Long, Popson, Wiedow, and Kalce.

As to some of the other defendants, the plaintiff alleges that they failed to intervene to correct the actions of their subordinates.  The plaintiff alleges that he told defendants Demming, Gordon, and Dragon about an incident when other defendants used excessive force against him and that these defendants failed to intervene.  The plaintiff has not alleged that these defendants participated in or directed the other defendants to use force against him.  Nor has he alleged facts from which it can reasonably be inferred that these defendants had knowledge of and acquiesced in their subordinates' use of force.  The plaintiff does not allege that these defendants had knowledge that the other defendants were planning on using force against him or that these defendants had knowledge of the use of force while it was occurring. Because the plaintiff did not tell these defendants about the use of force until after it had happened, they would not have been a position to prevent the use of force.  Therefore, the amended complaint fails to state an Eighth Amendment excessive

7

force claim upon which relief may be granted against defendants Demming, Gordon, and Dragon.  The amended complaint contains no other factual allegations regarding defendant Gordon.  And so it fails to state a claim upon which relief may be granted against defendant Gordon.[1]


      B.  Verbal Harassment.


The plaintiff alleges that some of the defendants threatened him and used racially derogatory language.


Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer. *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under §1983).  Further,

---

1.  The amended complaint contains allegations regarding defendants Demming and Dragon refusing to allow the plaintiff to administratively appeal a misconduct finding.  We address those allegations later.

"[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).  "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Id.*

The amended complaint fails to state a claim upon which relief can be granted based on the use of threats and racially derogatory language.

C.  Access to the Courts.

The plaintiff claims that he was denied access to the courts because defendants Lucas and Lanning refused to process his grievances, defendant Walsh failed to stop them from doing so, and defendants Demming, Dragon, and Zakarauskas refused to allow him to appeal a misconduct finding.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008).  But "[i]t is well-established that inmates do not have a constitutionally protected right to a prison grievance system." *Mitchell v. Dodrill,* 696 F.Supp.2d 454, 469 (M.D.Pa. 2010).  "'When the claim underlying the administrative grievance process involves a constitutional right, the prisoner's right to petition the government for redress is the right to access the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Winn v. Dep't of Corrections,* 340 Fed.Appx. 757, 759 (3d Cir. 2009)(quoting *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991)).

Because the refusal to process institutional grievances or to allow a prisoner to file an administrative appeal do not violate a prisoner's rights, the amended complaint fails to state a claim upon which relief may be granted against defendants Lucas, Lanning, Walsh, Demming, Dragon, and Zakarauskas.

D. Retaliation.

The plaintiff alleges that defendants Patterson, Martin, and Paul issued him misconducts in retaliation for his filing grievances and that defendant McKeown conducted retaliatory misconduct hearings.

A prisoner claiming that a defendant has retaliated against him for exercising his constitutional rights must prove that: 1) his conduct was constitutionally protected; 2) he suffered "adverse action" at the hands of the defendant; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendant. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002).

The plaintiff's allegations of retaliation are conclusory.  He does not allege any facts which would lead to a reasonable inference that his filing of grievances was a substantial of motivating factor in the actions of the defendants.  Accordingly, the amended complaint fails to state

11

a claim upon which relief may be granted against defendants
Patterson, Martin, Paul, and McKeown.

          E. Mental Health Treatment.


     The plaintiff alleges that he told defendant John Doe
psychiatrist that he felt suicidal or homicidal and that the
defendant showed deliberate indifference by refusing treatment.


     "[T]he Eighth Amendment's prohibition against cruel and
unusual punishment requires prison officials to provide basic
medical treatment to those whom it has incarcerated."  *Rouse v.
Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  In order for the
plaintiff to state a viable Eighth Amendment medical care claim
against a defendant he must allege that the defendant acted
with deliberate indifference to his serious medical needs.
*Estelle v. Gamble*, 429 U.S. 97 (1976).


     Deliberate indifference is a subjective standard.
*Farmer v. Brennan*, 511 U.S. 825, 840 (1994).  "To act with
deliberate indifference to serious medical needs is to

12

recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009).  To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, *supra,* 182 F.3d at 197.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle, supra,* 429 U.S. at 106.  "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

13

The plaintiff alleges in a conclusory manner that defendant John Doe was deliberately indifferent by refusing treatment.  But he has not alleged any facts to support such an allegation.  He does not allege that he suffers from or has been diagnosed with a mental condition, what he specifically told the defendant, what the defendant said in response, or what treatment the defendant should have provided.  Because the plaintiff has not alleged facts from which it can reasonably be inferred that defendant John Doe was deliberately indifferent to the plaintiff's serious medical needs, the amended complaint fails to state a claim upon which relief may be granted against defendant John Doe.

F.  Confiscation of Property.

The plaintiff alleges that defendant Mirarchi violated his due process and equal protection rights by ordering his subordinates to confiscate and destroy his property.  He alleges that defendant Reese failed to conduct a proper investigation of the incident and that defendant Kovalchik

14

failed to intervene to prevent such an inadequate investigation.

The amended complaint fails to state a due process claim upon which relief may be granted.

"'[A]n unauthorized intentional deprivation of property' by prison officials does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is available.'" *Monroe v. Beard,* 536 F.3d 198, 210 (3d Cir. 2008)(quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))*.*

The plaintiff does not allege that the defendants confiscated his property in accordance with an authorized procedure.  The Pennsylvania Department of Corrections has implemented a grievance system which provides an adequate post-deprivation remedy. *See generally Tillman v. Lebanon County Correctional Facility,* 221 F.3d 410, 422 (3d Cir. 2000). Because the plaintiff had an adequate postdeprivation remedy available to him through the grievance system, the amended complaint fails to state a due process claim upon which relief

may be granted based on the confiscation of the plaintiff's property.

The amended complaint also fails to state an equal protection claim upon which relief may be granted.

The Equal Protection Clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432, 439 (1985)).  In order to establish a viable equal protection claim, a plaintiff must show intentional or purposeful discrimination. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).

The plaintiff has not alleged facts from which it can reasonably be inferred that he was treated differently than similarly-situated prisoners or that the defendants intentionally or purposefully discriminated against him. Accordingly, the amended complaint fails to state an equal protection claim upon which relief may be granted.

16

The amended complaint fails to state a claim upon which relief may be granted against defendants Mirarchi, Reese, and Kovalchik based on the confiscation of the plaintiff's property.

G. Leave to Amend.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  After reviewing the original complaint, we granted the plaintiff leave to amend.  The plaintiff filed an amended complaint, but he failed to correct the deficiencies in his complaint.  Further leave to amended would be futile.

IV.  Recommendations.

17

The amended complaint states Eighth Amendment excessive force claims upon which relief may be granted against defendants Headman, Harrison, Bronco, and Bucc.  It fails, however, to state any other claims upon which relief may be granted.  Accordingly, we recommend that the court dismiss all of the claims against all of the defendants except the Eighth Amendment excessive force claims against defendants Headman, Harrison, Bronco, and Bucc.  We recommend that the case be remanded to the undersigned for further proceeding on the remaining claims.[2]

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 5, 2011.

---

2.  By a separate order, we have ordered the Clerk of Court to serve the amended complaint on defendants Headman, Harrison, Bronco, and Bucc.