THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB 14 2012

Per_____
DEPUTY CLERK

RICHARD ALLEN HAMMONDS :
:
    Plaintiff :
:
v. : 3:11-CV-1666
: (JUDGE MARIANI)
JEROME WALSH, et al., :
:
    Defendants :

## ORDER

**AND NOW, TO WIT, THIS 14th DAY OF FEBRUARY, 2012,** the Court having conducted *de novo* review of Magistrate Judge Smyser's Report and Recommendation (Doc. 12) and Plaintiff's Objections to the Report and Recommendation (Doc. 15), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Objections are **OVERRULED**. The Court acknowledges one of Plaintiff's objections might otherwise have merit, but not in this particular circumstance. Plaintiff points out the logical flaw in the assertions that (1) so long as he had an adequate post-deprivation remedy to address his confiscation of property claim (e.g., a grievance system), his due process rights were not violated, but (2) he had no constitutional right to a grievance process. Plaintiff's own filings show that the grievances that were allegedly not permitted to be appealed (#353749, 353754) were the very same ones regarding claims that Magistrate Judge Smyser recommended be allowed to stand (i.e. Eighth Amendment excessive force claims). Plaintiff did not allege that his confiscation of property grievance (#361609) was hindered or blocked in any way. Thus, he had an

adequate post-deprivation remedy for that claim and was afforded due process. Because the grievances that were allegedly hindered were for claims different from the confiscation of property claim, there is no logical inconsistency in Judge Smyser's Report and Recommendation.

2. Magistrate Judge Smyser's Report and Recommendation is **ADOPTED**.

3. Previously, the Court had granted Plaintiff leave to file a Second Amended Complaint[1] "only with respect to the new allegations raised therein, specifically, 'tampering with his food trays.'" (Doc. 22). Leave was not granted on any other claims, pending the Court's ruling on Magistrate Judge Smyser's Report & Recommendation. (*Id.*). Having adopted the Report & Recommendation, the Court recognizes both the excessive force claim (which Judge Smyser addressed in his Report & Recommendation) and the food tampering claims in the Second Amended Complaint.

4. The Court acknowledges Attorney Davis's judicial admission that "D. Buck" is a corrections officer at SCI-Dallas (Doc. 45, Letter from Attorney Davis, p.2) and therefore is a person properly subject to service of Plaintiff's Second Amended Complaint (Doc. 16) on the excessive force claim alone.

5. The Clerk of Court is directed to issue a summons to be served on Defendant D. Buck by the U.S. Marshal with the Second Amended Complaint (Doc. 16) in accordance with

---

[1] Plaintiff had termed this filing a Supplemental Amended Complaint, which the Court construed as a Second Amended Complaint because it incorporated all of the previous claims in the Amended Complaint with the addition of a new claim.

FED. R. CIV. P. 4. Defendant Buck is requested to waive service pursuant to FED. R. CIV. P. 4(d).

Robert D. Mariani
United States District Judge