IN THE

UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD ALLEN HAMMONDS
PLAINTIFF

v

JEROME WALSH Et; AL
DEFENDANTS

No. 3:11-CV-1666

Judge Malachy E. Mannion

Plaintiff's Pretrial Memorandum

FILED
SCRANTON

AUG 21 2014

PER _____
DEPUTY CLERK

## A. A BRIEF STATEMENT AS TO FEDERAL COURT JURISDICTION

This action was brought pursuant to 42 U.S.C § 1983. The court had Jurisdiction under 28 U.S.C §§ 1331 AND 1343

## B). A SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY

PRISONER HAMMONDS WAS INCARCERATED AT SCI DALLAS FROM December, 2009 through February, 2011. On January 26, 2011, Defendant Buck willfuly opened plaintiffs cell door unlawfully while confined in the RHU. in violation of DOC 651 which is a DOC policy governing the restrictive Housing Unit. When Defendant Buck unlawfully opened plaintiffs cell door, Defendant Harrison was conducting a security round and shouted for plaintiff to exit his cell for a fight.

After plaintiff's assault on Defendant Harrison Defendant Headman immediatly intervened, taking plaintiff to the ground. while plaintiff was subdued on the ground Defendant Harrison Repeatedly punched plaintiff in his face area while smashing his face into the grounds concrete. while defendant Harrison punched plaintiff Defendant Headman were excessively placing the Handcuffs around plaintiff's left wrist and right wrist leaving scars.

Defendant Buck then ordered for a spit mask to be placed around plaintiffs face. Defendant Headman Forcefully placed the spit mask over plaintiffs Head then choked him with it calling him niggers.

1

After the excessive placed restraints were in place plaintiff was then taking to the restrictive housing units dayroom where as he was kicked, punched and stomped by defendants Buck, Headman, and Harrison along with several other officers unknown to plaintiff. The use of excessive force was used maliciously and sadistically with specific intent to inflict pain and suffering and not to maintain or restore discipline

Plaintiff was then transfered to Sci Frackville 23 days after his severe beating by the guards at Dallas. While housed at Sci Dallas plaintiff commenced this law suit against defendants Buck, Harrison and Headman. It came to defendants Marichi's attention and he started grinding plaintiff up sexually harrasing him plaintiff filed a grievance and defendants Long, Kalce and wielew began to poison plaintiffs food trays continuously without remorse.

Plaintiff has eye witnesses to the tampering of his food by prisoners and prison chaplains. Plaintiff re-incoporates by reference his amended complaint as relevent to the current claims here presented to the courts.

C). A comprehensive statement of undisputed facts.

Plaintiff was sentenced to five to ten years incarceration following a conviction of a juey trial.

Plaintiff was incarcerated at Sci Dallas from December 2009, until February 18th 2011.

On January 26.2011 defendant Buck unlawfully opened plaintiff cell door. Defendant Harrison taunted and ridiculed the plaintiff to come out and fight defendant Harrison and Headman used excessive force against plaintiff after he was subdued. Plaintiff was taking into the rhu dayroom and punched, kicked and stomped by defendants Headman, Buck, Harrison and others maliciously and sadistically with specific intent to inflict pain and suffering and not to maintain or restore discipline

was then poisoned with tainted food for 21 months by defendants Kalce, Long and Wiedow. These defendants done this for reasons of plaintiff exercising his protected conduct to petition for a redress on grievances.

D.) A brief description of damages, including where applicable:

1). Principal injuries sustained:

As stated in plaintiffs verified complaint he was severely beating by Buck, Headman and Harrison, then poisoned by way of tainted food by Long, Kalce, and Wiedow.

The principal injuries sustained from the severe unnecessary beating that plaintiff suffered by the hands and feet of Buck, Headman and Harrison were a mild concussion, chipped front right tooth, nose bleed, swollen of the face, bumps and bruises all over plaintiffs body, a migrane headache, which all ultimately triggered plaintiffs post traumatic stress disorder, along with swollen and discolorations all over his body

The principal injuries sustained from the food poisoning that the plaintiff suffered for 21 months by defendants Long, Kalce, and Wiedow were nose bleeds, violent cramps, bloatations of the stomach, nausea, periodic states of unconsciousness, itching/burning type sensations in his chest and trachea area, vomiting and blood in his stool — which caused significant pain and suffering and severe chest pains.

Futhermore the principle injuries were of a malicious and sadistic intent on the defendants behalf because each defendant acted willfully, consciously and deliberately with specific intent to cause plaintiff harm, pain and suffering. Each defendant has a conscience and knows and understand the difference between right and wrong fully knowing the consequences of their actions yet done it anyway for malicious and sadistic purposes.

2). Hospitalization and convalescence:

Plaintiff was hospitalized as a result of the severe beating and food poisoning.

Plaintiff was giving ice packs, motrin, x-rays and lubericants for his bruises following the severe beating and excessive placed restraints on his wrist and ankles alike. plaintiff healed fairly well with the exception of his chipped tooth and post traumatic stress syndrome.

Plaintiff was not hospitalized as a result of the food poisoning by Long, Kalce, and Wiedow. He was denied all medical care at SCZ Frackville and forced to go on an starvation diet losing approx. 30 lbs plus, this punitive starvation diet resulted in plaintiff becoming extremely emaciated, suffering extreme weight lost and debility. possibly plaintiff has retained a life threatening illness due to the constant stomach pains and nausea periodic unconsciousness.

3

3) PRESENT disability:

CONSTANT FEAR OF STAFF ASSAULTS. PARANOIA AND DELUSIONAL DISORDER. POST TRAUMATIC STRESS DISORDER. MAJOR DEPRESSION ALL AS A RESULT OF THE SEVERE BEATING AND FOOD POISONING.

4) Special monetary damages, loss of past earnings, medical expenses, property damages etc.:

Plaintiff spent hundreds of dollars on the prison medical sick call for the food poisoning claims directly resulting from long, knife and window.

Plaintiffs property damages are his chipped front tooth that happened as a result of the severe beating by Headman Harrison and Buck.

5). Estimated VALVE OF ~~PUNITIVE~~ PAIN AND SUFFERING:

To be determined by the Jury if Applicable

6.) Special damage claims:
To be determined by the Jury if Applicable

E.) WITNESSES:
PRISONER, RICHARD ALLEN HAMMONDS, PLAINTIFF
PRISONER, DEVON HAYES.
PRISONER MICHAEL DELLI SANTI
PRISONER GEORGE RASHAAN BROOKS BEY
PRISONER RICHARD FLOYD
PRISONER DONALD MURPHY
PRISONER TIMOTHY DOCKERY
PRISONER VICENT HALLMAN
CHAPLAIN LISSIT

Plaintiff RESERVES the Right to call those listed on DEFENDANTS ~~or~~ counsels witness list.

F) SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS:

N/A

G) SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY/8

Plaintiff initiated this civil rights complaint against defendants Buck, Harrison and Headman asserting that an excessive force was used against him maliciously and sadistically with the specific intent to inflict the unnecessary and wanton infliction of pain upon the plaintiff and not to maintain or restore discipline. In fact he was already subdued in excessive placed restraints and moved to another area where the severe beating occurred. And that such severe beating was in retaliation for him assaulting an officer minutes before.

Also in the complaint is the plaintiffs assertations of him being intentionally fed poisonous food by defendants Long, Kalce and Wiedow. And that he was fed such for a consecutive of 21 months while at SCI Frackville. And that such were done in direct retaliation of the plaintiff engaging in protect conduct (i.e filing grievances and lawsuits)

H.) Summary of legal issues involved and legal authorities relied upon:

"Excessive Force" by prison guards constitutes cruel and unusual punishment. Hudson v. McMillian 503 U.S. 1, 8, (1992): the court found a violation of the Eighth amendment when prison officials punched and kicked a prisoner, leaving him with minor bruises, swelling of his face and movm. and loose teeth. The court held that a guards use of force violates the Eighth amendment when it is not applied "in good faith effort to maintain or restore discipline" but instead used to "maliciously and sadistically cause harm"

"Excessive Force" is any physical contact by a guard that is meant to cause harm, rather than keep order. Factors to consider when deciding whether the force was malicious and sadistic or in a good faith effort to maintain or restore discipline.

1. the need for force

2. whether the amount of force used was reasonable given the need

3. how serious the need for force appeared to the guards

4. whether the guard made efforts to use as little force as necessary, and

5. how badly a prisoner were hurt

What's also important to point out is the "STATE OF MIND" of the prison officials (BUCK, HARRISON, AND HARDMAN) in using the excessive force and second severe beating against plaintiff while he was already in excessive placed restraints, plaintiff was kicked, punched, stomped and spit on by said defendants repeatedly while handcuffed and shackled numerous court findings has found prison guards violate the Eighth amendment where they were responsible for "the unnecessary and wanton infliction of pain", "wanton" means hateful, cruel, or uncalled for, plaintiff alleged that the excessive force and beating was not necessary part of prison discipline because he was already subdued.

Plaintiff also asserted in his complaint that defendants Long, Kalce, and Wieduw intentionally tampered with his food by placing a variety of substances in his food including disinfectant, detergent, and plaintiff asserted that such were done in retaliation for having filed suit against BUCK, HARDMAN, and HARRISON, both allegations are in direct violations of the Eighth and First amendments respectively:

Food is one of the basic necessities of life protected by the Eighth amendment, KNOP V. JOHNSON 667. F.Supp. 512, 525 (W.D. Mich 1987), aff' in part denied in part, 977. F.2d 996. 1000 (6th cir 1992), see also Robles V Coughlin 725. F.2d 12116 (2d cir, 1993) (allegations of contaminated food states a constitutional claim). the retaliation for filing prison grievances and law suits also violates the First amendment RAUSER V HORN. 241. F.3d 330, 334 (3d cir 2001).

"A retaliation claim essentially entails three elements 1). the plaintiff engaged in protected conduct; 2). an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; 3) there was a causal connection between elements one and two - that is, the adverse action was motivated atleast in part by the plaintiffs protected conduct"

## I). STIPULATIONS DESIREDS

THE DEFENDANTS photocopies are authentic THE rest of their exhibits are skeptical photocopies may be used in lieu of originals

J: Estimated Number of trial days:

Four or five days due to cross examinations and disputed testimonies:

K). Any other matters pertinent to the case to be tried

1. How the plaintiff came to be able to assault Harrison in the first place.

2. Explainations of security level five housing unit procedures in regards to allowing level five housing unit prisoners out of their cells.

3. The authenticity of defendants inmate witness Gary Ford's testimony. In lieu of his fabricated and fasified statement.

L). Exhibit List:

See Attached exhibit list.

M). Special verdict Questions:

See Attached proposed special verdict Questions

N.) Statement that the person with settlement authority has been notified or not

Plaintiff cannot answer this question for he has not been in contact with such authority

O) Certified required under local rule 30.10:

N/A

P). Findings of Fact and Law:

To be determined by the jury if applicable

Dated August 15.th 2014

Respectfully submitted

Richard Allen Hammonds Jr

/s/ _Richard Hammonds_

JD 8826
SCI Smithfield
PO Box 999
1120 Pike st
Huntingdon pa 16652

## CERTIFICATE OF SERVICE

I, Richard Allen Hammonds Jr, plaintiff in this case proceeding pro-se, hereby certify that on August 15th 2014, I caused to be served a true and correct copy of the foregoing document titled plaintiffs pretrial memorandum to the following via U.S mail :

OFFICE OF ATTORNEY GENERAL
15th FLOOR, Strawberry Square
Harrisburg pa 17120

- AND -

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON Federal Bldg & U.S COURTHOUSE
235 NORTH Washington AVE
PO BOX 1148
Scranton PA 18501-1148

/s/ _Richard Hammonds_

Richard allen Hammonds
JD 8826

Dated Aug 15, 2014

8

Clerks Exhibit

Abbreviated Name of Case:

HAMMONDS V WALSH. Et. AL

CASE No: 3:11-CV-1666

Name of party submitting this list:
Plaintiff Hammonds, Richard,

COP
Plaintiff's
Exhibit No.

1. CD Bates DEF000615, video from Dallas
2. CD Bates DEF000614, video from Dallas
3. CD Bates DEF 000 615, video from Dallas
4. ~~computer DEF~~ video of plaintiff's' exscort, hand held camera
5. video of plaintiffs escort
6. Plaintiffs supplemental amended complaint
7. Defendant Headmans initial report of the incident misconduct # B134550
8. Defendant Harrison's initial report of the incident misconduct # B 276940
9. Inmate Gary Ford's statement
10. Anonymous tip to security's office
11. DEF000059 another version of the incident
12. DEF 000539 medical record Jan 1st 2011
13. DEF 000540 medical record Jan 1st 2011
14. DEF 000 541 medical record Jan 2nd 2011
15. DEF 000 537 medical record Jan 2nd 2011 - Jan 3rd - 2011
16. DEF 000 538 medical record Jan 4th - Jan 29th 2011
17. DEF 000347 medical record Dec 29. 2010
18. DEF 000016 Defendant Harrison's second report of incident 1/26/11
19. DEF 000017 Defendant Harrison's third report of incident 1/26/11
20. DEF 000018 Defendant Headman's second report of incident 1/26/11
21. DEF 000019 Defendant Headman's third report of incident 1/26/11
22. DEF 000 534 medical record 1/26/11 - 1/27/11
23. DEF 000 536 medical record 1/26/11
24. DEF 000009 Grievance of incident 353745
25. DEF 000008 Grievance of incident 353754
26. DEF 000007 Grievance of incident 353754
27. DEF 000006 Grievance of incident 353754
28. DEF 000005 Grievance of incident 353754
29. DEF 000074 Photo of plaintiff
30. DEF 000075 Photo of plaintiff
31. DEF 000076 Photo of plaintiff
32. DEF 000077 Photo of plaintiff

Abbreviated Name of case:

HAMMONDS V WALSH Et.AL

CASE NO: 3:11-CV-1666

NAME OF PARTY Submitting this list:

HAMMONDS, Richard, plaintiff:

C.O.P
plaintiff's
Exhibit No.
33. Affidavit of Devon Hayes
34. Affidavit of Micheal Delli Santi
35. Affidavit of timothy Dockery
36. Affidavit of Donald Murphy
37. DEF 000032 Medical incident/injury report of Hammonds 1-26-11
38. DEF 000034 Medical incident/injury report of Harrison 1-26-11
39. DEF 000036 Medical incident/injury report of Headman -1-26-11

IN THE UNITED STATES DISTRICT COURTS
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Case 3:11-cv-01666-RDM   Document 16   Filed 11/30/11   Page 1 of 14

RICHARD ALLEN HAMMONDS JR
PROSE
                PLAINTIFF

        V.

JEROME WALSH
KATHY BRITTON
NEDRA DERMANY
L.P. MAHALLY
RYAN LUCAS
STASIA M. LANANY
JOSEPH ZAKARRAUEAS
GARY GORDON
PAUL DRAGON
HERMAN, PARRISON, PATTERSON, MARTIN
MOSHER, STONCO, BUCC, WATCHINS
PAUL, HEARING EXAMINER MCKEOWN
PSYCHO DOCTOR JOHN DOE
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
    BY COLLINS
A. GANDLENIK
P.TO DAMILER
PA. NANCY
PA. KYLE MURPHY
LAW, MIRACHI, REESE, POPSON, WEIDER, KAKE
INDIVIDUALLY AND OFFICIAL CAPACITIES.

SUPPLEMENTAL AMENDED
COMPLAINT

CIVIL ACTION NO. 3-11-CV-01666

**FILED**
**SCRANTON**

NOV 30 2011

PER _____
        DEPUTY CLERK

---

## I   Jurisdiction and venue

1. This is a civil action authorized by 42 USIC Section 1983 to redress the deprivations under color of State Law, if the Rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 USIC 1331 and 1343 (A)(3) the Court has Supplemental Jurisdiction over the plaintiff fort claims under 28 USIC 1367 and 636 (B)(I)(B) Plaintiff Hammonds seeks Declaratory Relief Pursuant to 28 USIC Section 2201 and 2202. Plaintiff Hammonds claims for an Injunctive Relief are Authorized by 28 USIC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedures. The Supplemental Complaint is authorized by Federal Rules of Civil Procedures Rule 15(D)

2. The Middle District of Pennsylvania is an appropriate venue under 28 USIC Section 1391 (B)(L) Because it is where the events giving Rise to these claims occured.

## II   Plaintiff

3. Plaintiff Richard Allen Hammonds JR # JD 8826 is and was at all times Relevent mentioned herein (Plaintiff Hammonds) is Currently Confined at the State Correctional Institution. He to which he was Previously Confined at State Correctional Institution at Frackville Pennsylvania at Dallas Pennsylvania.



EXHIBIT
5



DEFENDANT'S
EXHIBIT
15

III. Defendants

4. Defendant JEROME WALSH is the Superintendent at SCI Dallas. He is legally responsible for the welfare of all the inmates and for the operations of SCI Dallas. He's in charge of the supervision and discipline of all correctional staff at Dallas. He's in charge of answering all 2nd level appeals of grievance's and disciplinary procedure's.

5. Defendant Kathy Brittain is the acting Deputy Superintendent at SCI Dallas and she is legally in charge of the discipline and supervision of all correctional officer's at SCI Dallas. She is also head commissioner of the program review committee and she's in charge of answering first levels of appeals of disciplinary procedure's.

6. Defendants Norm Demming and Lip Mahally are both Deputy Superintendents at SCI Dallas and their both in charge of the prisons daily operations and occasionally seats the program review committee hearings.

7. Defendants Joseph Zakarvankas and Gary Gordon are both majors of the guards and is responsible for the discipline and supervision of the guards respectively.

8. Defendants Robin Lucas and Stasia M. Lanning are the assistants to the Superintendent at SCI-Dallas and such hold the titles of grievances coordinator's and litigation coordinator's they are both legally responsible for the management of the inmate grievance system and in handling all legal matters.

9. Defendants. Headman, Harrison, Patterson, Machn, Mosier, Branco, Buck, Hutchins, Paul, are all correctional officer's at SCI Dallas who at all times mentioned in the body of the complaint held the ranks of correctional officer's, sergeants, and Lieutenants, respectively.

10. Defendant Mkrown is the Hearing Examiner at SCI Dallas and he is legally responsible for conducting impartial disciplinary hearings for prisoner's accused of breaking prison rule's and regulations.

11. Defendant John Doe is the acting mental health psychiatrist at SCI-Dallas and he in generally responsible for mental health inmates, prescribing medications, and treating inmate's for suicidal and homicidal behavior.

12. Defendants Bi Collins is the Superintendent at SCI Frackville. He is legally responsible for the welfare of all the inmates and for the operations of SCI Frackville. He's in charge of the supervision and discipline of all correctional staff at Brackville. He's in charge of answering all 2nd level appeals of grievances and disciplinary procedure's.

13. Defendant Kavolchik is the Deputy Superintendent at Frackville and he's legally responsible for Deno and in charge of the discipline and supervision of all correctional officer's at Frackville. He's also the head commissioner of the program review committee and he answers first level appeals of disciplinary procedure's and occasionally answers 2nd level appeals of grievances.

14. Defendant Pete Damiter is the assistant of the Superintendent at Frackville and as such holds the titles of grievance coordinator and litigation coordinator. He is legally responsible for the management of the inmate grievance system and handling all legal matters.

15. Defendants Nancy, and Kyle Mummey are both physicians assistants here at Frackville and is legally in charge of the health and safety of the inmate's at Frackville. Also their the medical doctors and is responsible for conducting examinations of the inmate's and to proscribe medications for illnesses.

2

16. Defendants Long, Mirachi, Reese, Popsky, Wiedow, Kolce are all correctional officers at SCI Frackville who are at all times mentioned were all correctional officers, Sergeant, and Lieutenant's in this complaint held the ranks of correction al officers.

17. Each defendant is sued individually and in their official capacities, and at all times mentioned above in this complaint all acted under color of state law.

18. Defendants Jerome Walsh, Kathy Brittain, Lip, Mohally, Norm Demming, at SCI Dallas and Defend ants B. Collins and A. Kavolchik at SCI Frackville all have the responsibilities, and authorities to establish policies for SCI Dallas and SCI Frackville respectively, and in their acts and omission! were their actions and omissions of their respective prisons

19. All defendants identified where deliberately indifferent in their training of prison personell in regards to the appropriate lawful constitutional, policies, pocedures, and protocols, these said defendants training program evidenced a reckless or callous, detesch indifference to the federal protected rights of the complaintants liberty intrest, which entitles them to be free from constant threats, intimadations, physical, pshycological abuse, official retaliation, prepor trated by prison officials.

20. Plaintiff avers that special relationships existed between Jerome Walsh et al and defend dant B. Collins et al to inflicted retaliations for the plaintiffs execritions of his protected conduct and civil litigation activities. The officials are charged with the duty of insuring that prison confinements are safe for all prisoners including the plainhff. These said defendant are all liable for the unconstitutional acts and omissions of the defendants (correctional off icers) at their respective prisons involved in the events complained of due to their promu lgations and enforcements of their rules, regulations, policies, practice's, customs and/or use's. Which were in effect prior to and at all time's of the events in question.

## IV Facts

**Denial of basic human needs**

21. On January 26, 2011 RHU officers Headman, Harrison, John Die 1,2,3, deliberately and intent ionally denied this plaintiff of his breakfest and lunch meals calling him derogatory names (ie Nigger, faggot, bitch, snitch) thus causing the plaintiff to become verbally disruptive, officer Homann then walks around at 10:30 am and see the plaintiffs door covered and calls Sgt. Buck via radio stating "We need a can of mace for LB 35 cell Hammonds h's door is covered" then numerous guards walks pass shouting and calling plaintiff Hammonds derogatory names (Exhibit A grievance 353749

**Denial of serious medical needs**

22. The plaintiff then hears the defendant John Die psychiatrist on the RHU range at or around 10:30 am to 11:30 am and calls him to the cell LB35 to tell him about the deprivations and his current suicidal/homicidal thoughts and the neddment to be removed from his current surroundings for fear of hurting himself killing himself or others, to which John Die psychiatr responds "No I think your trying to manipulate me" then walks away without following proper protocol for prisoners with suicidal/homicidal thoughts/behavior Exhibit A 353749

**Misuse of power**

23. At or around 11:30 am to 12:00 pm defendant Buck speaks to plaintiff Hammonds at the cell door in an very militantly manner vigiously grabbing restrictions off the door stating "Im going to restrart this" (falsification of documentations) "and since you think your so tough Im going to crack open your door (willfully with specific intent) and I want to see what your about Nigger (racial discrimination) (Exhibit A 353744)

24. At 12:30 pm Sgt Buck opens cell door (maliciously and sadistically) without proper protocols unsucces! fully this plaintiff tries to close the cell door. Then he hears c/o Harrison venimously shouting "Hey Hammonds you fucking pussy) (provoking the plaintiff) I, plaintiff becomes enraged and blanks out runs in & out down the stairs and assaults c/o Harrison. c/o Headman come's see's and shouts "Hey Harrison watch out" runs interuines and places the plaintiff on the ground (Exhibit B 353799)

25. While on the ground not resisting and in complete submissions to staffs order's not to move c/o Harrison maliciously repeatedly punches the plaintiff in the right side of the face (for sadistical purposes) and Nibb causing blood to drip at the same time defendant Headman excessively squeeze's handcuffs around the plaintiffs left wrist (maliciously and sadistically) causing pain so plaintiff screams out for help. Defendant Bucc comes from RHU Bubble see's the plaintiff on the ground bleeding and state's (nefariously) "He's bleeding get the spit mask" defendant Headman recieves the spit mask from John Doe then forcefully place's it around the plaintiffs head and neck choking him with the spit mask (maliciously and sadistically) and calls him nigger's several time's once excessive restraints are placed around the plaintiff wrist and ankles. Defendants takes plaintiff into the RHU dayroom where several other guards including the defendants Simel kick, punch and spit on the plaintiff (maliciously and sadistically to cause pain not to maintain or restore discipline) (Exhibit B 353754)

26. Defendant Bronco (nefariously) states "I wish it where you yrs ago whereas I could hang you nigger (causing plaintiff to fear for his life)" then turns on the camera as if nothing happened and proceeded to take the plaintiff to medical to be examined by the medical department the whole time the plaintiff languishing in severe pain from the excessive force and the excessive placed restraints, on his wrist and ankles from defendant Headman (malicious and sadist intent to inflict substantial unnecessary wanton infliction of pain) The medical doctor takes picture's of the bruises and excessive placed restraints, x-rays plaintiffs bruised face proscribes him pain medication then defendant Bronco places him in Por (Psychiatric observation room) six (6) and remove him of his clothes (see exhibit B) denial of access to the courts

27. Feb. 4, 2011 plaintiff Hammonds files grievance # 353754 & 353749 about the said incident giving rise to the unconstitutional acts and omissions of defendants (Bucc, Headman, Harrison, Bronco Psychiatrist John Doe) to which defendant Stasia M. Lanning acting for Robin Lucas (acting willfully and with no specific intent to deprive a citizen of his protected liberty interest) deliberately denies and rejects said grievances in an attempt to deprive the plaintiff from utilizing the 1983 complaint, Feb 13, 2011 the plaintiff appeals her (Stasia M. Lannings) decision to the defendant Jerome Walsh seeking state post deprivation remedies and he (also Jerome Walsh) futilely tried to deprive the federal courts subject matters jurisdiction) by rejecting said grievance & evidencing and delib rate indifference to prisoners safety and constitutional rights. (see exhibits A & B)

28. Defendant McGourd, Patterson, Paul and Martin evidenced a procedural due process violation when they (defendants Paul, Patterson, Martin) mendaciously submitted retaliatory misconduct's three times for the plaintiffs exercitations of his protected conduct to eventually and respectively utilizes the inmate grievance system Plaintiff filed an sexual harrasment complaint on defendants (Bucc, Harrison and Hutkins) to which resulted in the retaliatory misconducts and defendant McGown evidenced his deliberate indifference and procedural due process violation when he conducted the retaliatory misconduct hearings and as instructed by defendants Paul, Patterson, Martin to give the maximum amount of DC (Disciplinary custody) time in punitive segregation.

29. From January 26, 2011 to Feb 13, 2011 plaintiff was denied access to property to properly litigate case's and grievance's resulting in grievance's being denied for failing to provide the required documentations for proper review) plaintiff was futilely denied access to property while being transferred to state correctional institution at Frackville where hes was futher retaliated against per recommendations from defendants Jerome Walsh et al. for his (plaintiff Hammonds) exercitation's or protected conduct (utilizations of prison grievance system) and alleged assault. Plaintiff filed grievance in accordance to DC AOM 804 and PLRA 42 USC 1997 E (A) and defendant Pete Damiter did not process said grievance in an attempt to cover up for SCI Dallas defendants Jerome Walsh et al.

30. March 10, 2011 at SCI Frackville defendant Long and (John Doe) finally brings property to the plaintiffs cell door, plaintiff Hammonds requested to inventory his property to which defendant Long state's "NO" defendant Long then proceeded to make plaintiff sign inventory slip before even recieving any of his property then forcing upon him the property that he (defendant Long) thought I should have stating "this is all your getting along with what you accumulate" plaintiff Hammonds requested (via request to staff member) to defendant B. Collins. Popson additional legal exchange to which defendant B. Collins granted and ordered defendant Long to give me my legal property to which defendant Long refused resulting in the plaintiff holding cleaning supplies on April 1, 2011 and recieving misconduct # B190652  to which defendant B. Collins had dismissed without prejudice because the plaintiff was in the right (see exhibit I ) for verifications.

4

C-2

31. Upon the forced legal exchange plaintiff came to the realization that important legal material was missing from his property inquired about the said missing property to defendant B. Collins, and captain Clark to which they said they'll inquired about it to SCI Dallas. Plaintiff was not satisfied with the proceedings and issued (grievance # 360798 and 361204) and got denied adequate state post deprivations remedies even though plaintiff Hammonds' important criminal case paperwork was lost and/or destroyed. Plaintiff was forced to proceed to criminal court without the missing property (trial transcripts, preliminary transcripts discoveries, affidavits) to case no. 200618251 and docket no. 1526 WDA 2009) resulting in the dismissal of his PCRA petition. (See Exhibit's J and E)

Retaliations and Deprivations

32. April 4th 2011 at Frackville defendant Mirachi evidenced an official retaliation maliciously and sadistically and willfully with an specific intent to deprive an citizen of his federal protected rights. By during an routine shakedown (entire block cell search) he ordered J.Linn Dee to confiscate the plaintiffs legal work from case no 2009A921 because it was laying around with the picture of an bruised c/o's face. I plaintiff Hammonds inquired "sir why are you taking my legal work" defendant Mirachi stated "take him" (plaintiff Hammonds) to the shower" so they can further seek and destroy my legal and personal property, while in the shower I witnessed defendants Long, Wiedon, kalce, Mirachi and numerous other guards inside my cell destroying and throwing away legal and personal property, even the only existing picture of the plaintiff and his deceased grandmother together before she passed away (see Exhibit M and L Declarations)

33. After witnessing these heinous acts of the defendants mentioned above the plaintiff calls defendant onyx?? to an shower (where he was placed unlawfully in handcuffs) to inquiry about what his subordinates were doing via his command "plaintiff Hammonds asked" why are you behaving "like this" He ordinates were doing via his command "plaintiff Hammonds asked" why are you behaving "like this" He defendant Mirachi responding "How would you feel if you walked into my house and seen all my KKK drawings laying around my living room and on my walls" I (plaintiff Hammonds) responded "I don't care what you have at your house or laying around your living room it's no reason for you to throw away my legal and personal property" Defendant Mirachi threatened (notariously) "try what you did up Dallas and we'll straighten you out here at Frackville (indicating the alleged assault and his anticipated actions) for no reasoning he then furtherly ordered defendant Wieden, Long, kalce to confiscate my linen to the excessive coldness as torture tactics (see Exhibit other than to leave the plaintiff to languish in the excessive coldness as torture tactics (see Exhibit M & L grievance as verifications)

34. Plaintiff spoken to defendant Long at the cell door after the incident to try an solve and defuse the problems and future problems plaintiff inquired "sir why did you (Long) and defendants (wieden, kalce Mirachi) participate in these deprivations to confiscate linen and throwing away legal and personal property He (Long) notariously responded "next time think twice before you attempt to grieve me" speaking of past (grievance # 360798) clearly his mind was made up on the deprivations and retaliations.

35. Plaintiff Hammonds then followed the change of command speaking to defendant Mirachi again at cell door also trying to defuse the deprivations and retaliations (past and present and future) while doing so inquiring about their (defendants mentioned above) extraordinary unlawful behavior (acts and omissions) and his unlawful authorization to his subordinates (correctional officers) to seek confiscate and destroy my legal and personal property he (Mirachi) notariously stated "you wanted an reaction now you got it" clearly his mind was made up on the deprivations and retaliations (see grievance # 361604 Exhibit N for verifications)

36. Plaintiff grieved said incident to which defendant Reese was assigned to investigate and regulate to which he evidenced an deliberate indifference through he's acts and omissions to properly investigate and regulate the deprivations and retaliations instead he (Reese) maliciously denied the plaintiff adequate state post deprivation remedies even after witnessing on camera the factual evidence and more meandreociously covering up statements no wrong doings was found. I appealed to defendant Collins and defendant Kanelchik answered with the same deliberate indifference as defendant Reese.

37. Defendant Mirachi sexually harassed plaintiff Hammonds on July 25,2011 by walking to his cell door stating "Hey Bitch I have some red hustice for you for your birthday" placed and fruit punch on plaintiffs slot notariously laughing, walked away stopped at the carrier and predaciniously stating" shake that ass for Daddy Bitch, shake that ass" causing the plaintiff psychological harm and mental anguish and emotional distressed plaintiff still seeks psychological help as a result of the sexual harrasment from the defendant Mirachi

38. Defendants Long, Wieden, kalce tampers with the plaintiffs food trays daily by the insertions of an poisonous unknown unidentifiable substance causing him violent cramps, periods of unconsciousness, nose blends, feelings of nausea, bloatations of the stomach, defecations of blood, vomiting and coughing up blood, itching and burning type sensations of the chest and trachea system and his breathing being cut off at times, painful attacks on his heart, liver, these said defendants are retaliating against the plaintiff for past and present excritations of his protected conduct and the civil litigations activities of this very civil action's no. 3:11-cv-01666. These said defendants recieves their orders from defendant Mirachi to teach plaintiff a "lesson" Plaintiff believes these unlawful tactics will lead to his death in the near future if left unregated.

5

Case 3:11-cv-01666-RDM   Document 16   Filed 1/20/14   Page 9 of 14

39. Defendant nancy denied plaintiff access to adequate health care on november 11,2011 plaintiff Hammonds signed up for medical sick call for this tenth time for these same symptoms including (ie violent cramps periods of unconsciousness, feelings of nausea, bloatations of the stomach, nose bleeds itching and burning type sensations of the chest and trachea, causing plaintiffs breathing to stop periodically, vomiting and coughing up blood) which seems to be exacerbating immensely and on a daily basis, plaintiff was seen by defendant nancy inside cell alone with an registered nurse and two correctional officers.

40. During this derelict examination from Defendant nancy and Registered nurse Futherly her acts and omissions evidenced an deliberate indifference to plaintiffs health care by conducting an external optical observations seeking to find an internal organs infection which is humanly virtually impossible to determine plaintiff Hammonds told the Defendant nancy "that this is a chronic situation" to which she (nancy) stated "I can't tell you look and to me" plaintiff Hammonds and Defendant nancy then began to debate about chronic and non-chronic situations causing the defendant to walk away without the service of adequate medical

41. Subjectively the defendant nancy evidenced deliberate indifference through her actions and omissions to plaintiff health care, causing the plaintiff possible future significant injuries to his internal organs possibly causing irreparable damage, a chronic situation is an situation that is an habitual problem lingering cause substantial pain and suffering, and to evidence an deliberate indifference is practically an ineradicable or unalterable matter. These said symptoms are growing stronger and more futher with time resisting change or reform untreated therefore it is presistantly and endlessly recurrent and troublesome.

42. Defendant kyle mummeys evidenced an deliberate indifference through his acts and omissions to the plaintiffs health care when he (mummey) on november 12,2011 willfully acted with an specific intent to deprive plaintiff of medical, plaintiff again signed up for medical sick call to which defendant kyle mummey took an circumstantial or theoretical speculation stating that hypothetically people having these symptoms your experiencing are signs of an cold not an internal infection.

43. Defendant kyle mummey futherly stated "Im not going to give you anything because nancy just checked you" and stated "it'll all get better with time your trech ,heart, and liver are fine" I (plaintiff Hammonds) stated "that he was wrong and that I will be forced to write him up for his deliberate indifference" He (defendant mummey) stated " _____ (NEFARIOUSLY)" go ahead and write it up I don't answer to no-one 'He'll only leave you lingering in your imaginary pain rises" walked away and futherly stated stopping at the corner "by the way my name's mummey, kyle mummey) 'put that in your law-suit"

44. Plaintiff Hammonds avers that he spoke to defendant B.Collins and defendant pete amitter at his cell door about the acts and omissions of defendant nancy and kyle mummey. on november 17,2011 to which they both stated" I will check into this matter for you" these same exact words were spoken 11 other times. Plaintiff avers that he's in substantial pain and is suffering significantly and he fears that these said defendants are discreetly ordering these said deprivations and retaliations from defendants (kaice wisdow, lw j. nancy, kyle mummey, Mirachi Rose) and/or are aware of these said deprivations and retaliation: but refuse to do so because of plaintiff past and present exercitation of his projected conduct and civil litigations activities

45. Upon his information and belief: plaintiff spoke to psychologist alan santarelli at frackvile and he (santarelli) informed the plaintiff that there was no by investigation at scz-dallas for the above incident complained of in his complaint and they (scz dallas intelligence team ,superintendant, etc.) cleared the plaintiff of all wrong dealings and that it appeared that I (plaintiff Hammonds) was telling the truth about the jan 24,2011 incident and others that lead to the retalitory misconducts. if so why is the plaintiff left to langvish in mental anguish in solitary confinement immensely on a daily basis. Futherly upon information and belief I was told by defendant Rose that he has no dealings with the temperizations of my food trays but from what he hears defendant mirachi has it out for me for exposing his predacious misconduct and getting him (mirachi) suspended and disciplined and to watch out because him (mirachi) July 23,2011 and to watch out because of each other problems, lang wisdow and kaice are buddies the protect each other and take care

6

46. Defendants Paul, Patterson, Martin conspired to cover up three sexual harrassment claims lodged by the plaintiff against Defendant Bucc, Defendant Hutchins, Defendant Hutchins. in the form of a grievance plaintiff grieved seperately that each Defendant sexually harrassed him in front of his cell on camera these said Defendants (Paul, Martin Patterson) wrote the plaintiff up with three Retaliatory Misconducts and told the Defendant Mckeown to give me the maximum for each charge.

47. Defendant Mckeown nefariously and maliciously conducted three retaliatory misconduct hearings (B 274940, B 276355, B 276351) even After the plaintiff told him and showed him (via DC-141 -part 2C inmate version and witness statements) that these said misconduct hearings were in violation of plaintiff state created liberty intrest (Pennsylvania state Law 37, P.A. Code 93.9) And (Department of Corrections Administrive 804 grievance system/ inmate Complaint) IV Definition Letter (N)

48. Defendant Mckeown conducted the Retaliatory misconduct hearing and did not let the plaintiff call witnesses for his defense even checked the tape seen the grievous Defendant Harrassy gestures on camera and still disregarded the facts and sanction the plaintiff 270 days three times consecutively causing the plaintiff to lose his Rationale train of thought and languish in mental anguish and psychological pain going on suicido watch numerous times.

49. Plaintiff appealed to the Defendant Jerome walsh which he amended two of the said retaliatory misconducts, but he Knew that they all were in violation of plaintiffs state created liberty intrest which is Pennsylvania state law 37 P.A. 93.9 And) DC.ADM 804 IV Definition Letter (N) to which he Acknowledged the excessiveness and bias investigation and Deliberate inchfferenco of Defendants C.P. Mahally, Demming and Zakurwkas for Not Noticing it

## IV  Exhaustion of Legal Remedies.

50. Plaintiff Richard Allen Hammonds used the prisoner grievance procedure available At state correctional institution at Dallas to try and resolve the problem. on Febuary 4 2011. plaintiff Hammonds presented facts Relating to his complaint. on Febuary 8, 2011. plaintiff Hammonds was sent a Reponse saying that the grievances had been Rejected/ denied. on Febuary 13, 2011 he appealed the denial of the grievances. on Febuary 23, 2011 he recieved Another denial from 2nd level and on march, 2011 he appealed and recieved Another denial  grievance # 353749 AND 353754

51. Plaintiff Richard Allen Hammons used the prisoner grievance procedure available At state correctional institution at Frackville to try and Resolve the problem. on April 6, 2011. plaintiff Hammonds presented the facts Relating to this complant. on may 5, 2011 Defendant Reese Responded with an Deliberated indifference Denying said grievance # 361609. on may 15, 2011 Plaintiff appealed the denial of the grievance and on may. 23. 2011 Defendant A. Kavolchik denied grievance and on may 24. 2011 plaintiff filed an appeal to this denial and recieved Another denial

52. Plaintiff Richard Hammonds used the prisoner grievance procedure Available at the state correctional institution at Frackville to try and Resolve the problem. on April 1, 2011 plaintiff Hammonds presented the facts Relating to his complaint. on may 14, 2011 plaintiff Hammonds recieved Response from Mandeck Denied and in may 16, 2011 he appealed to Defendant Collins and on may 23, 2011 Defendant Kavolchik sent Response Denied and on may 24, 2011 plaintiff Hammonds Appealed (grievance # 360798)

53. Plaintiff Richard Allen Hammonds used the prisoner grievance procedure available at the state correctional institution at Frackville to try and resolve the problem on July 30, 2011 plaintiff presented the facts relating to his complaint. On August 18, 2011 plaintiff was sent a reponse saying that the grievance was rejected/denied. On August 25, 2011 plaintiff appealed the denial of the grievance on Sept. 2011 plaintiff recieved another denial and Sept 19, 2011 plaintiff appealed grievance denial on November 1st 2011 recieved response remanded. (grievance # 376,817)

54. Plaintiff Richard Allen Hammonds used the prisoner grievance procedure available at the state correctional institution at Frackville to try and resolve the problem on July 24, 2011 plaintiff presented the facts relating to his complaint on July 28, 2011 plaintiff recieved reponse rejected/denied. On July 31, 2011 plaintiff appealed the denial of grievance and on August 5, 2011 recieved a reponse denied/rejected and on August 9, 2011 plaintiff appeal to the final level grievance # 374475

55. Plaintiff Richard Allen Hammonds used the prisoner grievance procedure available at the state correctional institution at Frackville to try and resolve the ongoing tamperation of food trays on November 10, 2011 the grievance has not yet been answer plaintiff filed temperary restraining order and preliminary injunction because plaintiff is being retained against in an attempt to silence him from moving forward with said complaint in a case involving this very incident is Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2000)

56. Plaintiff Richard Allen Hammonds used the prisoner grievance procedure available at the state correctional institution at Frackville to try and resolve the denial of medical care for serious medical needs on November 11, 12, 2011 the grievance has not yet been answer plaintiff filed temperary restraining order and preliminary injunction because amended defendants are not giving him proper medical to fix serious illnesses, aches, pains of the internal organs.

## V LEGAL CLAIMS

57. Plaintiff realleges and incorporate by reference paragraphs 1-56

58. The excessive force, unnecessary physical force, deliberate indifference, unsafe conditions, the deliberent indifference to serious medical needs, official retaliation, procedural due process violation, equal protection violation, denial of property, denial of access to the courts, racial discrimination, sexual harrasment, denial of basic human needs, unnecessary wanton infliction of pain, misuse of power, attempted assassination, state created liberty intrest violation, violated plaintiff Richard Allen Hammonds' rights and constituted cruel and unusual punishment, due process violation, equal protection violation, under the eighth and Fourteenth and First Amendment to the united state's constitution.

## VI PRAYER FOR RELIEF

59. Wherefore, plaintiff respectfully request/prays that this court enter judgement granting plaintiff:

60. A declaration that the acts and omissions described herein violated plaintiffs rights under the constitution and laws of the united states

61. A preliminary and permanent injunction ordering the defendants Long, Wiedow, Mirachi, Reese, Collins, Kavachik, to stop/cease the tampering of food trays served to the plaintiff causing these said symptoms in paragraph 40 (ie feelings of nausea, periods of unconsciousness, bloatations of the stomach, nose bleeds, coughing vomiting blood, defecating blood burning and itching type sensation of the chest and trachea heart problems and sinus problems. And cease the attempted assassination upon the plaintiff

62. And defendants Kyle Mummey and Nancy to be ordered to give the plaintiff proper medical care for the symptoms described in paragraph 61 before the plaintiff face possible death and/or irreparrable damage to the internal main arteries mainly the heart.

63. And to futher order defendants to cease harrassing the plaintiff, to give the plaintiff law library three times a week for 3 hours to prepare for the said case 3:11 cv-01666, to cease tampering of mail, and to ~~immediately~~ expunge the plaintiff record of the sexual harrassment that was falsified and to exonerate him off this retaliltory disciplinary custody time and placement into general population or to an special secure needs unit for his mental help he's been seeking since incarceration in the department of corrections and immediate parole

64. Compensatory damages in the amount of $50,000 dollars against each defendant, jointly and severally

65. Punitive damages in the amount of $50,000 against each defendant

66. Senhmental value in the amount of $50,000 against defendants Mirachi, Long, Wiedow, and Kalce for the throwing away only existing picture of plaintiff and his deceased grandmother now plaintiffs children wont know what their ~~grandgreat~~ grandmother look like because of their malicious and sadistic pleasures in causing the plaintiff pain and suffering, mental anguish and psychological pain, emotional distress

67. A jury trial on all issues triable by jury

68. plaintiffs cost in this suit

69. Any additional relief/cost this ~~best~~ court deems just, proper and equitable to the plaintiff and the public

Dated   December 1st 2011

Respechively submitted

Richard Allen Hammonds Jr
Pro-se

JD 7726
SCI Frackville
1111 Altamont Blvd
Frackville PA 17431

9

VERIFICATION

I HAVE READ AND RE-READ THE FOREGOING complaint AMENDED COMPLAINT AND hereby verify that the matters alleged and therein ARE true and correct except as to matters alleged on information and belief, and as to those, I believe them to be true and correct to the best of my personal knowledge and injuries. I certify UNDER THE penalty of perjury that the Foregoing is true and correct

EXECUTED AT: Frackville, Pennsylvania   ON DECEMBER 1st 2011

*Richard Hammonds*
Richard Allen Hammonds Jr
Pro Se
     JD8826
SCI Frackville
1111 Altamont Blvd
Frackville PA 17931

10

IN THE UNITED STATES DISTRICT COURTS
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Richard Allen Hammonds
Prose           Plaintiff

√

Jerome Walsh et. al

ORDER TO SHOW CAUSE FOR AN
PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

CIVIL ACTION NO. 3:11-CV-01666

UPON THE SUPPLEMENTAL Complaint, The supporting affidavit of the plaintiff The Exhibits A-L, AND The memorandum of law submitted with herewith it is....>

HEREBY ORDERED that THE Defendants B. Collins, A. Kovalchik, Mirarchi, Long, Kalce, Wisdow, Reese, Pete Damiter, P.A. Nancy, Kyle Mummey, Popson, Show Cause in Room _____ of the United States Court House, William J. Neaplon Federal Building and Court House 235 North Washington, P.O. Box 1148 Scranton PA 18501-1148 on the _____ Day of _____ at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65(A) of the Federal Rules of Civil Procedure's enjoining the defendants, their successors in office, agents, and employees and all other persons acting in concert and participation with them, From the tempeerization's of the plaintiff Hammonds Food trays by an insertation of an poisonous unknown unidentifiable substance causing the said plaintiffs significant injuries and/or possible death and/or long term irreparable damages to the plaintiffs internal organs mainly the heart, liver, and trechua immensely.

AND TO immediately have the plaintiff Hammonds sent to an outside's hospital or (emergency's room for the examination or these said symptoms (ie violent cramps, periods of unconsciousness, noses bleeds, feelings of nausea, bluatations of the stomach, itching and burning type sensations of the chest and trechua system cutting off the plaintiffs breathing at times feelings like some one has an firm grip around the plaintiffs heart vomitng, and coughing up blood, defecatiions of blood, moreover the said plaintiff prays this court order's an CBC and differental count, sedimentation rate test and an celtive and sensitivity test from the blood samples or the plaintiffs body to determine the eviactions of the poisonous effect to the plaintiffs internal organs and possibly stop these symptoms from possibly future significantly harming the plaintiff or to prevent the sudden death he faces if untreated properly, and to immediately transfer the plaintiff to another facility for fear of future retaliations from the defendants man the subordinates

It is further ordered that effective immediately, and pending the hearing and determination of this said order to show cause, the defendants, B. Collins, A. Kovalchik, Long, Wisdow, Kalce, Mirachi, Reese, Pete Damiter, P.A. Nancy, Kyle Mummey, And each or their, officer's agents, express employees and all persons acting in concert or participation with them are restrained from future harming plaintiff Hammonds by the conservation's of tainted and unclean portians or food of an poisonous unknown unidentifiable substance's that cause's bottacks on his heart, trechua, liver and/or other internal organs that in all probability will lead to irreparable harm and/or sudden death in the near future plaintiff believes wholeheartedly that this can be achieved by the defendants instructions to this prison medical department to do the preparation of the outside's hospitals arrangement for the internal examination since this said institution (see back) does not have an hospital nor an infirmary to take these said test to determine the exactness or the internals from the poisonous tactics from the defendants to silence the plaintiff from moving forward with civil action no. # 3:11-CV-01666

IT IS Futher ordered that the order to Show cause, and all other papers Attached to this Applications, be served on the foresaid Plaintiff by _____

_____

_____
Judges Signature

Dated _____
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard A. Hammonds JR<br>Plaintiff | Request for LEAVE to FILE a supplemental AMENDED Complaint |
| vs | CIVIL No. 3:11.-CV-01666 |
| Jerome Walsh. et.al | |

AND NOW COMES Comes THE plaintiff Richard Allen Hammonds JR RespectFully Requesting This court to grant leave to ~~proceed~~ FILE AN Supplemental Complaint pursuant to ~~RULE~~ FEDERAL RULES of CIVIL procedure's 15 (D). Plaintiff AVERS that his life is in imminent danger possibly DEATH AND Respectfully Request that This said motion BE Granted Along with the TRO and order to show Cause.

THE affidavits are Exclusively for the memorandum and order to show cause TRO.

DATED: December 1st 2011

*Richard Hammonds*

Richard Hammonds JR
Pro-se
J08826
SCI Frackville
1111 Altamont Blvd
Frackville PA 17931

Richard Hammonds
JD 8326
Sci Frackville
1111 Altamont BLVD
Frackville PA 17931

RECEIVED
SCRANTON
NOV 3 0 2011
PER _____
Deputy Clerk

OFFice of the CLERK
United States District Courts
Middle District of Pennsylvania
William J Naphin Federal bld) & Courthouse
235 north Washington ave
Po Box 1148
Scranton PA 18501-1148

FORM DC-141   PART 1
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

B 134550

☒ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| JD8821 | Hammonds | SCID | 1230 | 1-26-11 | 1-26-11 |

| Quarters | Place of Incident |
|---|---|
| RHU | K-A Range #4 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| STAFF | COI Harrison | X | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** A Cls 1 charge to Escape, A Cls 1 - 2 Assault, A Cls #15 threating an employee or their family w/ bodily harm, A Cls 1- #33 using abusive, obscene or inappropriate lang. to employee B Cls 1- #36 refusing to obey an order, B Cls 2-

**STAFF MEMBER'S VERSION** # 38 Destroying altering transferring what canceling property.
On the above date and approximate time This Reporting officer witnessed that the Hammonds had escaped from K-B #26 cell and attack officer Harrison. The Hammonds come up from behind officer Harrison and viciously assaulted officer Harrison. This Reporting officer ordered above inmate to stop striking officer Harrison, which above inmate refused and continued to strike officer Harrison. Above inmate continued to state to this officer "I'll fucking kill you two Fuckers." The above inmate continued to resist this officer's attempt to take control of him. The above inmate continued to resist until the Restraints were in place.

**IMMEDIATE ACTION TAKEN AND REASON** Remain in officer station until seen by Nurse/Examiner.

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES | | |
| ☒ NO | | |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| [signature] COI | [signature] | DATE: 1-26-11   TIME 24 HOUR BASE 1955 |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**

| DATE | TIME |
|---|---|
| 1-27-11 | 0700 |

**MISCONDUCT CATEGORY**
☒ CLASS 1   ☐ CLASS 2

**Signature of Person Serving Notice**
[signature] COI Kirchner

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15       YELLOW — Inmate       PINK — Reporting Staff Member       GOLDENROD — Deputy Superintendent Facility Management

FORM **DC-141   PART 1**
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**B 276940**

☑ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801   INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| JD88-76 | Hammonds | SCID | 1230 | 1-26-11 | 1-26-11 |

| Quarters | Place of Incident |
|---|---|
| KB25 | KA Range 4 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | CSI T. Headman | X | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** A class I #1 Assault & class I #35 Refusing to obey an order

**STAFF MEMBER'S VERSION** On the above date and approximate time, this officer was making security round on KA. While walking up towards the KA office, this officer heard inmate you mother fucker, I'm going to kill you. When this officer turned around I saw Inmate Hammonds running towards me. Inmate Hammonds struck this officer with closed fists. Note Inmate got out of his cell in KB and attacked this officer on KA Range 4. Inmate Hammonds was ordered several times to stop resisting. Inmate Hammonds would not stop resisting.

**IMMEDIATE ACTION TAKEN AND REASON** C.C.P. + POR Cuffed. Saying DC. etc.

| **PRE-HEARING CONFINEMENT** | | |
|---|---|---|
| | **IF YES** | |
| | **TIME** | **DATE** |
| ☐ YES | | |
| ☑ NO | | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION   ☑ INMATE'S VERSION

| **REPORTING STAFF MEMBER** SIGNATURE AND TITLE | **ACTION REVIEWED AND APPROVED BY** RANKING C.O. ON DUTY   SIGNATURE AND TITLE | **DATE AND TIME INMATE GIVEN COPY** |
|---|---|---|
| CSI Thomas R. Harrison | | DATE 1-26-11   TIME 24 HOUR BASE 1735 |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**

| DATE | TIME |
|---|---|
| 1-28-11 | 0800 |

| **MISCONDUCT CATEGORY** | |
|---|---|
| ☑ CLASS 1 | ☐ CLASS 2 |

**Signature of Person Serving Notice**

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15      YELLOW — Inmate      PINK — Reporting Staff Member      GOLDENROD — Deputy Superintendent Facility Management

# STATEMENT

LOCATION: Security Office   DATE: 1-27-11   TIME: 0840   CASE:

LAST NAME: ~~Gary~~ Ford   FIRST: GARY   MIDDLE:

DOB: 3-28-68   INMATE NUMBER: EL 8609

FACILITY OF INCARCERATION:   SCI DALLAS

I, GARY Ford _____, hereby state that _____ LT PATTISON
has identified himself/herself to me as an investigator/Commissioned Officer employed by the Pennsylvania Department of
Corrections. G.F. (initial)

I do hereby make the following statement. I have not been subjected to any unlawful influence or unlawful inducement and I
have not been promised any favors or given any compensation. G.F. (initial)

ON OR AROUND JAN 3, 2011 in the RHU YARD inmate JAMISON
# GU-6262 Cell KB-9 instructed inmate HAMMONDS # JD 8826
How to JAR HIS HAMMONDS Cell DOOR OPEN BY APPLYING Pressure
iN AN UPWARD motion BY Pushing up on the DOOR Pad
Hole with HIS feet to off-set the DOOR Electronic Mechanism
because inmate JAMISON did it At S.C.I- COAL township AN Assaulta
AN officer. JAMISON told HAMMONDS that if you Get the
Door opens you have Justification to ASSAult A GUARD
And Get Law-suit Money, transfer, AND time cut from RHU
inmate HAMMONDS followed through And got HIS Door open
And ASSAulted A GUARD oN 1-26-11 After the incident
MANY inmates CAme together to fabricated A Story claiming that
the GUARDS opened inmate HAMMONDS Door on Purpose
I inmate FORD Heard this PersonAlly. Inmate DUWAYNE Peters WAS
one of the inmates Fabricating this lie to O.P.R and H.R.C.

I have read and understand this entire statement or it has been read and explained to me. I have signed this statement
indicating that it is true and correct.

Having read this statement, which was given by me for official Commonwealth business, to be considered for all purposes;
including actions under the Statues of this Commonwealth, just as though it had been sworn or affirmed before a court of law or
formal arbitration panel, I find I have nothing further to add.

_____   _____
(Witness)                  (Signature of Person Making Statement) /Date

Page 1 of 1

DEF000061

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer) | 2. Date: *1-26-11* |
| 3. By: (Print Inmate Name and Number)<br><br>_____<br><br>_____<br><br><div align="center">Inmate Signature</div> | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment |

8. Subject: State your request completely but briefly. Give details.

ON 1-20-11 iN the RHU ON K-Block "Door Repairmen" were fixing Alot of Doors. INMATES were SECRETLY heard discussing" that ON certain if You APPLY Alot of Pressure by PLACING Your feet iN AN upward Motion ON the iNside. Wicker ledge. You CAN off-set the Door Electronic Mechanism ANd force the Door to OPEN AN inmate By the NAME of "_____" did EXACTLY

9. Response: (This Section for Staff Response Only)

that ON 1-26-10 His Motive WAS to have Justification to Assault AN Officer, to get A transfer - law·suit ANd released from the RHU this inmate. States fake Suicides don't work

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____

<div align="center">Print       Sign</div>

Revised July 2000

DEFENDANT'S EXHIBIT 88 PENGAD-Bayonne, N. J.

DEF000063

## Unplanned Use of Force Videotape
## Comments

### I. Other Comments

On 1/26/11 at 1230 hours, RHU Officer Harrison was making a round on K/A Unit, when he heard, "Harrison, I'm going to kill you!". As he turned around, Inmate JD 8826 Hammonds, K/B cell #25, was running towards him and struck officer Harrison. Officer Harrison used active counter measures on Inmate Hammonds. Officer Headman Ordered Inmate Hammonds to stop and called for help and responded. Officer's Headman and Harrison forcibly took Inmate Hammonds to the floor, striking his head on the heating vent and floor. Lt. Zielen, Sgt. Buck, Officer's Fitzgerald, Pugh, Konschnik and Santotro responded. Inmate Hammonds was resisting. The officers took control of Inmate Hammonds' arms and legs. Handcuffs and shackles were applied. Inmate Hammonds was escorted to the Infirmary by Officers Litz, Volack and Collins. Sgt. Ontko operated the video camera. The escort was without incident. R.N. Harrison evaluated Inmate Hammonds. He had pain to his left hand and wrist and bleeding from his nose. He also had a chipped front tooth and superficial abrasions to his right cheek. His face was cleansed and will be evaluated by Dr. Amin, Dentist. Superintendent Walsh directed that inmate Hammonds be placed in the P.O.R. R.N. Roberts evaluated Officer Harrison. His right knee was discolored and he had pain and was limping. He had a reddened area behind his left ear. Ice was applied and he was referred to the outside hospital for further evaluation. R.N. Roberts evaluated Officer headman. He had abrasions to his 4th and 5th knuckle with slight edema. Ice was applied. Officer's Konschnik, Pugh, Santoro and Fitzgerald were evaluated. No injuries were reported or observed.

Inmate Hammonds was housed in K/B cell #25 and was able to open his cell door and proceed to K/A unit and assault Officer Harrison. Paul Mooney, Fmm1 and Garrett Jesse, Locksmith, responded to K/B unit #25 cell to ascertain how the cell door was able to be opened and repair the problem.

Due to the spontaneity of the incident, a video camera was not utilized. The video was recorded from the RHU range cameras.

*6.3.1, Facility Security Procedures Manual*
*Section 32 – Use of Force, General Provisions, and Videotaping*          **Attachment 32-E**
*Revised 10/2008*

DEF000059

**Chest Pain**                                                    Nursing Evaluation Tool

Date of Report: _01_ / _01_ / _2011_          Military Time Seen: _2360_
MM   DD   YYYY

_Subjective:_  Chief Complaint(s): ___chest pain___

        Onset: "just now"              Activity prior to onset: ___sleeping___

History: _c/o chest pain 12/6/10._
(Continue on back if necessary)

☐ Check Here if additional notes on back

Description of Pain: ☐ Burning  ☑ Stabbing  ☐ Dull/Achy  ☑ Pressure-like  ☐ Crushing  ☐ Other: ___
Duration of Pain: _about 1 hour_      Does anything relieve the pain? _NO_
Onset of Pain: ☐ New onset  ☐ Sudden  ☑ Gradual  ☐ Chronic  Pain Scale: (1-10) _7_    History of injury? ☐ YES  ☑ NO
Radiation: ☐ No radiation  ☑ Radiation to: _Back, c/o q.22._
Aggravating Factors: ☐ Exertion  ☐ Stress  ☐ Food intake  ☑ Movement  ☑ Coughing  ☐ Other: ___
Associated Symptoms: ☐ Nausea/Vomiting  ☐ Diaphoresis  ☐ Dyspnea  ☐ Syncope
            ☑ Fever  ☑ Chills  ☑ Cough  ☐ Sputum production  ☐ Hemoptysis
Cardiac Risk Factors: ☑ Family history  ☑ Smoke: ___ppd/___ years  ☐ Hypertension  ☐ Diabetes  ☐ Hyperlipidemia  ☐ CAD
History of: ☐ Peptic ulcer  ☐ Illicit drug use  ☐ Cardiac disease  ☐ Nitroglycerin use

_Objective:_  Vital Signs: (As Indicated)  T: _98.4_   P: _100_   RR: _20_   B/P: _128_ / _74_
                    Pulse Ox %: _94_ % ☑ Room Air  ☐ O2 LPM: ___

General Appearance: ☐ No acute distress  ☐ Alert  ☐ Oriented x _3_  ☐ Anxious  ☑ Acute distress
Color: ☑ Normal  ☐ Pale  ☐ Flushed  ☐ Cyanotic  ☐ Jaundiced
Skin: ☑ Warm  ☑ Dry  ☐ Cool  ☐ Moist/Clammy

EKG ordered? ☑ YES  ☐ NO
EKG interpretation / computer read or available for physician? ☑ YES  ☐ NO

| Lung sounds: | Right | Left |
|---|---|---|
| Clear | ☐ | ☐ |
| Diminished | ☐ | ☐ |
| Crackles | ☐ | ☐ |
| Rhonchi | ☐ | ☐ |
| Wheezing | ☑ | ☐ |

☐ Additional Examination: _EKG = Pulmonary Disease Pattern_
    Continue on back if necessary

☐ Check Here if continued on back

_Assessment: (Referral Status)_          Preliminary Determination(s): ___
    ☐  Referral NOT Required

    ☑ Referral Required due to the following: (Check all that apply)
        ☑ Acute distress        ☑ Abnormal vital signs           ☑ Recurrent Complaint (More than 2 visits for same complaint)
        ☐ Cardiac history       ☐ Suspicious cardiac symptomology ☑ Cardiac Risk Factor present
        ☐ History of recent illicit drug use   ☐ Other: _↑ Resp_
    Comment:  You should contact a physician, physician extender and/or a nursing supervisor if you have any concerns about the status of the patient
    or are unsure of the appropriate care to be given.

_Plan:_  Check All That Apply:  _Acute distress – arrange for immediate emergency transport_
        ☐ Administer oxygen if in acute distress    ☐ ASA ___mg po (Emergency preventative intervention)
        ☑ Education. The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they
            should do as well as appropriate follow-up.
        ☐ Instructions to return if condition worsens.
        ☑ Other: _23° Medical Obs. Tylenol 325 ii PO_
                        (Describe)

Referral: ☐ NO  ☑ YES (If Yes, Whom/Where): _Dr Stanish_         Date for referral: _1_ / _1_ / _11_
                                                                         MM   DD   YYYY
Referral Type: ☐ Routine  ☑ Urgent  ☐ Emergent  (if emergent who was contacted?): _Dr Stanish_  Time _2315_

x _____        Name: _Eric Forbes_
        Nurses Signature              Printed

Nursing Evaluation Tool: Chest Pain          Inmate Name: _Hammonds, Richard_
Commonwealth of Pennsylvania
Department of Corrections                     Inmate Number: _JD 8826_
DC-586M
Revised 11/2007                               DOB: _7/25/88_

                                             Facility. _SCI Dal_

DEF000539

# PROGRESS NOTES

| Date/<br>Time | Discipline<br>Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|
| 12/8/10<br>0600 | A) | S *in oh* "OVS 973-80 -20 98% *to* 110/70 *Respiratory* on room air, Ø distress, Ø chest pain, Ø fever, accepted breakfast A Comfort P Monit *[signature]* |
| 12/8/10<br>0840 | m | S) Feely fine<br>No pain<br>O) vital stable<br>*breast fly*<br>*lungs com*<br>A) *[illegible] comfort peds z to overcome from predy* (resolved)<br>P) see order *[signature]*<br>**Stanley T. Behinski, D.O** |
| 12/11/10<br>2300 | m | S) Block Cell "I got bad chest pain z started about an hour ago."<br>O) *z/m* kneeling on floor of cell. 9b c/ chest pain onset 7af 10 radiating to c) back. transported to Infirmary via w.c. EKG. done z pulmonary disease pattern. Lungs wheeze (R) c) clear. VS. 994-100 - 20 BP 128/74 SPO2 -94% on room air. (R) M in cm put. A) Assess. Dr Slanish notified 10M *[illegible] 0 gut* P) Placed in POD #7 230 obs ⇂ *[illegible] c̄ PO. prn* @) Chest pain P) Monitor Earlier PM —— *[signature]* |

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

Revised 3/2007

Name: Hammonds, Richard

Number: JD 8826

DOB: 7-25-88

Facility: SCI Dallas

DEF000540

Inmate Name: _____     Inmate Number: _____

| Date/Time | Discipline Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|
| 1/2/11<br>0000 | RN | (S) (O) @ Appears asleep<br>(A) stable (P) monitor _____ _EL_ |
| 0000 | RN | (S) @ @ Appears asleep<br>(A) stable (P) monitor _____ _EL_ |
| 1/2/11<br>0600 | KSS | S "I feel good". O Standing at cell door -<br>alert verbal. Respirations clear/easy<br>VS. 98-72-18 120/72. SPO2 98% - Denies<br>any chest pain at present. Breakfast<br>tray offered & taken. A per problem<br>list & monitor. P following plan E stable<br>P none _____ _K Craven RN_ |
| 1/2/11<br>0800 | NS3 | S "OK" O Ate 100% OZ breakfast - Appears<br>resting at present A Stable P monitor G Craven RN |
| 1/2/11<br>1000 | PA | S I/m reports he feels well now. Ø chest pain now.<br>Relates pain began yesterday & went away this am.<br>Ø SOB Ø n/v/d.<br>O NAD lying on bed in cell. EKG NSR (pulmonary disease pattern)<br>A s/p chest pain<br>P See rec. Will rev EKG for completeness.<br>_C Bunk PA-C_<br>CHERYL BUNK, PA-C |
| 1/2/11<br>1200 | NS3 | S "OK" O Conversing c other inmates in POD<br>O Offering no complaints - Ate 100% OZ<br>lunch. A Stable P monitor G Craven RN |
| | | ✗     ✗     ✗     ✗ |
| | | |

# PROGRESS NOTES

| Date/<br>Time | Discipline<br>Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|
| 1-2-11<br>1400 | NSG | (S) "I feel good" (O) AAOx3. LS CTA. Pulse reg. ⊕ pp ṣ edema. Declined VS. Denies any distress (A) Per problem list (P) Monitor (I) Cont. NSG care plan (E) stable (R) NONE — _Matthew V. Leah R._ |
| 1700 | NSG | (O) Tolerated meal well (P) Monitor — _Matthew V. L_ |
| 2000 | NSG | (O) Tolerated meds well (P) Monitor — _Matt VS_ |
| 1200 | RN | S ok T VS - 98-72-20 BP 120/80 SPO₂ - 98% resp easy e dry lungs ⊘ rales ⊘ wheezes A DM in ... P Monitor I ls/prn S s/ACP P Continue as ordered — _E. Fra_ |
| 0400 | RN | B ⊘ O Appears asleep A stable P Monitor — _E. Fra_ |
| 1/3/11<br>0700 | RN | S ⊘ O Appears asleep A stable P Monitor — _E. Fra_ |
| 0400 | RN | S ⊘ O Appears asleep A stable P Monitor — _E. Fra_ |
| 1/3/11 | MD | S Feels okay. Reports during 1000 Push up per day ... EKG — w new δ heart by (+) cuts chondral reproducible pain (⊘) rub ⊘ clicks A chest pain probably 2° to ... injury / costochondritis # Mvst heat / avoid ... _Stanley P. Bohinski, D.O._ |

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

Revised 3/2007

Name: _Hammonds, Richard_

Number: _JD8826_

DOB: _7-25-88_

Facility: _SCI DALLAS_

DEF000537

| | | |
|---|---|---|
| Inmate Name: | | Inmate Number: |

| Date/Time | Discipline Abbreviation | Remarks — Subjective, Objective, Assessment, Plan |
|---|---|---|
| 1-4-11 1700 | NSG | (S) Escorted to inf. via security. Status post attempted suicide via hang-up. "You got my meds? I take Sinequan + Remeron." (O) T 99.4 P 100 R 20 BP 142/78 Sat 98% on RA. AAOx3. LS CTA. Pulse reg. ⊕ pp s̄ edema. Denies injury. Photos taken. No injury noted. No distress. MD aware. New orders rec-O. (A) Alt. in Thought Process. (P) Admit to PoR. Monitor — ___ |
| 1/20/11 1300 | NSG | Call recieved from R/Asst. re use of OC spray & EBD - Dr. Bohinski aware - new orders recieved. ___ |
| 1/21/11 0716 | CRNP | S) c/o diarrhea and abd. crampsize x 2-3 days O) As above reported - RBU A) Gastric distress as reported P) see order ↑ Regt ↑ Fluid JMP Joe Purcell C.R.N.P. Stanley R Bohinski, L.___ B 1/21/11 1220 |
| 1-22-11 v0 11 | CRNP | S) multiple complaint "spot" in my eyes   "I'm dehydrated" "images" in my head   "my chest hurts" "water hurts my stomach"   "my skin bothers me" "I'm loosing weight" "my liver hurts" — "could you take blood work" JMP cont. RM___ CRN |

# NTAL HEALTH CONTACT NOTE

SCI: __Dallas__

| DATE | S: |
|------|-----|
| 12/29/10 | "I'm stressing" |
| TIME | |
| 0940 | |

**O:** Inmate interviewed at: RHU

Suicidality: (No current ideation expressed or elicited) Other (Comment Mandatory)

Behavior: (Cooperative) Uncooperative Angry Hostile Demanding Immature

Hyperactive/Restless Hypoactive/Lethargic Passive Controlling Agitated Other

Appearance/Grooming: (WNL) Unkempt Unclean Disheveled Bizarre Other

N/A

**A:** Feeling/Affect: WNL Euphoric (Depressed) Anxious Flat Expressive Other

Insight: (WNL) Projections Denials Limited

Perceptions: (WNL) Delusions Grandiose Suspicious Paranoid Hallucinations Other

Thinking: (Logical/Goal Directed) Tangential Grossly Impaired/Illogical, Fragmented/Confused

Memory: (Intact) Impaired/Short-Term/Recent/Remote

Orientation: (Person) (Place) (Time)

Impairment: None Feeling Thought Speech Motor (Sleep) Intellect Hearing Eating Other

Comments/Concerns:

Feeling depressed + Angry but no mor theu usual.

**P:** Plans Regarding Treatment/Contact: (Continue Regular Contact) Increase Frequency of Contact

Decrease Frequency of Contact Refer to Psychiatry Refer to Medical

Refer to Counselor Schedule for PRT Review

Additional Comments and/or PRC Considerations:

N/A

Staff: _Lucas Malishchak, PSA_
Lucas Malishchak, PSA

WNL = Within Normal Limits

For each S, O, A, P, circle applicable selection for those categories assessed.

Mental Health Contact Note
Commonwealth of Pennsylvania
Department of Corrections
DC-560
Original: Medical Record

Copy: DC-14 (Counselor)

Inmate Name: Hammonds, Richard

Inmate Number: JD8826

DOB: 7/25/86

Facility: SCI-Dallas

Current Stability: (Circle) A (B) C D

Housing Location: J

RECEIVED

JAN 03 2011

SCI-DALLAS
MEDICAL DEPARTMENT

DC-121 Part 3
Revised 6/06
Attachment C 6.3.1, Section 17

Pennsylvania Department of Corrections
Employee Report of Incident

☑ Use of Force Occurrence

| To: Cpl. Carolina | Title: Shift Commander | Date 1-26-11 | Time 1230 hrs |
|---|---|---|---|
| From (Name Printed): Thomas R. Harrisse | Title: CO I | Location of Incident: RHU Range 4 | |
| Employee Signature: | Type of Incident: Assault | | |

| Inmates Involved (Name and Number) | Staff Involved (Name and Title) | Witnesses |
|---|---|---|
| Hammonds | CO J. Vordman | CO Roberts |
| | | |
| | | |
| | | |

1. Detailed description of the occurrence. While making the rounds he heard on my shift, this officer heard someone yell "Harrisse you rotten bitch, I'm going to kill you. Inmate Hammonds was running towards this officer as I turned around. Inmate Hammonds struck this officer. This officer used active counter measures against Inmate Hammonds. CO J. Vordman came to help, while forcibly taking Inmate Hammonds to the ground. Inmate Hammonds knees struck the heating unit, then struck the floor. This officer helped restrain Inmate Hammonds, who was continually resisting, until other officers arrived to assist. Nothing further Officer.

DEF000016

2. Actions taken (if force was used, include an account of the events prior to the use of force, the reason(s) for the use of force, and a description of the use of force. If any equipment was used i.e. EBID, OC, etc., describe the process, who authorized the equipment, who used the equipment and the effects of usage. (List all action taken in a chronological order.)

While making rounds on *range* Inmate Hammonds got out of his cell from #3 range 2. Ran up *here* behind this officer saying Hammonds you *motha fucka.* I'm going to kill you. Inmate Hammonds struck this officer and continued to fight. This officer *responded* with *active counter measures.* COT Hodges *respond.* Inmate Hammonds continued to fight. This officer along with COT Hodges had to *forcefully* take Inmate Hammonds to the ground. Inmate Hammonds head struck the heating vent, then the floor. This officer then helped keep Inmate Hammonds *restrained until he assisted* the white line, until *restraints* could be placed on Inmate Hammonds.

3. Description of any weapon(s) used by the inmate(s) or found in the area. If any, attach a photograph of the weapon(s). *None*

4. Detailed description of any injuries sustained by staff and/or inmates and any medical attention provided.

COT *Hodges* hurt Right *knee while forcefully taking* Inmate Hammonds to ground

If the occurrence involved a planned use of force, was the occurrence videotaped? If no, include an explanation in Section 2. If yes, include the camera operator's name and the custodian of the tape.   ☑ No   ☐ Yes

| Shift Commander Signature: | Date | Tracking Number (if an attachment to a DC-121 Part 2) |
|---|---|---|
| *[signature]* | 1-26-11 | |

| DC-121 Part 3<br>Revised 6/06<br>Attachment C 6.3.1, Section 17 | Pennsylvania Department of Corrections<br>Employee Report of Incident | | ☑ Use of Force Occurrence |
|---|---|---|---|
| To:<br>CapT. Cusalina | Title:<br>ShiFT Commander | | Date: 1-26-11 | Time: 1230 |

| From (Name Printed):<br>J. Headman  Col | Title:<br>Col | Location of incident:<br>RHU Range #4 |
|---|---|---|

Employee Signature:
*J. Head*

Type of Incident:
STAFF ASSAULT

| Inmates Involved<br>(Name and Number) | Staff Involved<br>(Name and Title) | Witnesses |
|---|---|---|
| Hammonds JD 8826 | Col HARRISON | SGT. BUCK |
|  | Col ScaTTaRo | LT. Zeilen |
|  | Col FiTzgeRald |  |
|  | Col Kalschnik |  |
|  | Col Push |  |

1. Detailed description of the occurrence: ON The above daTe and appRoximate Time
while This RepoRTing oFFiceR was doing The 1230 SecuRiTy Round witnessed
I/m Hammonds had escaped FRom K-B #25 cell In which he was housed
I/m Hammonds Ran up behind and STaRTed To viscously aTTack
oFFiceR HARRison STRiking oFFiceR HaRRison In The Head and Face.
AT This Time This RepoRTing oFFiceR while Responding To The Scene oF
The aTTack STaRTed oRdeRing I/m Hammonds To STop STRiking oFFiceR
HaRRison and To go To The FlooR. I/m Hammonds ReFused and
conTinued To viscously aTTack oFFiceR HaRRison. AFTeR This RepoRTing
oFFiceR aRRived aT The Scene To assisT oFFiceR HaRRison The above
Inmate conTinued To ReFuse oRdeRS To STop. AT This Time
oFFiceR HaRRison was deFending himSelF wiTh acTive
CounTeR STRikes To I/m Hammonds. oFFiceR HaRRison along
wiTh This RepoRTing oFFiceR had To FoRcively Take I/m Hammonds
To The FlooR. IN doing So I/m Hammonds STRuck his Face and
Head on The heaTing venT and FlooR. AT This Time This RepoRTing
oFFiceR conTRolled The LeFT aRm aRea oF I/m Hammonds unTil
handcuFFS weRe in place. AFTeR All ResTRainTs weRe in place
This RepoRTing oFFiceR puT a SpiT Sock oveR I/m Hammonds
Head. This RepoRTing oFFiceR Than assisTed I/m Hammonds
To his FeeT and assisTed in a hands Col escoRT of I/m Hammonds
To The K-A DayRoom wheRe I/m Hammonds was placed into
The STRip SeaRch cage.

DEF000018

2. Actions taken (if force was used, include an account of the events prior to the use of force, the reason(s) for the use of force, and a description of the use of force. If any equipment was used (i.e., EBID, OC, etc.), describe the process, who authorized the equipment, who used the equipment and the effects of usage. (List all action taken in a chronological order.)

- observed I/m Hammond's escaped and Running on Range #4
- observed I/m Hammond's Striking officer Harrison
- ordered I/m Hammond's to STOP
- arrived on Scene
- Gained control of I/m Hammond's
- Forcively put I/m Hammond's on Floor
- controlled Left arm of I/m Hammond's
- placed spit Sock over I/m Hammond's Head
- assist I/m Hammond's to his Knees
- assist in hands on escort

3. Description of any weapon(s) used by the inmate(s) or found in the area. If any, attach a photograph of the weapon(s).

NO weapons

4. Detailed description of any injuries sustained by staff and/or inmates and any medical attention provided.

See medical Reports

If the occurrence involved a planned use of force, was the occurrence videotaped? If no, include an explanation in Section 2. If yes, include the camera operator's name and the custodian of the tape.    ☐ No    ☐ Yes

| Shift Commander Signature: | Date: 1-26-11 | Tracking Number (If an attachment to a DC-121 Part 2): |

DEF000019

# PROGRESS NOTES

| Date/ Time | Discipline Abbreviation | Remarks<br>Subjective, Objective, Assessment, Plan |
|---|---|---|
| 1-26-11<br>1400 | NSG | (S) d̄ (O) Nonverbal when questioned. Appears AAOx3. Noted superfisial abrasions on face. Denies distress. (A) Per problem list (P) Monitor ——————— Matthew Van Sarah ? |
| 1700 | NSG | (O) Tolerated meal well (P) Monitor ——————— Matthew Van Sarah ? |
| 2000 | NSG | (O) Tolerated meds well (P) Monitor ——— Matthew V. Sarah ? |
| 2140 | RN | (S) "I'm OK" (O) i.m refuses assessment laying on floor of cell (A) HR is ckpt (P) Monitor _____ E? |
| 2400 | RN | (S) d̄ (O) Appears asleep _____ (A) Stable (P) Monitor _____ E? |
| 1-27-11<br>0200 | RN | (S) d̄ (O) Appears asleep _____ (A) Stable (P) Monitor _____ E? |
| 0400 | RN | (S) d̄ (O) Appears asleep _____ (A) Stable (P) Monitor _____ E? |
| 1/27/11<br>0600 | RN | S. None<br>O. AAOx3 Moves all 4 ext. well gait steady walking about in cell. refused entire meal — has no c/o's quiet @ pres.<br>A. alt in comf.<br>P. cont. medical monitoring Deborah Klopotoski RN |
| 1/27/11<br>08:30 | RN | S. I'm okay —<br>O. out of cell for xray of facial bones, Orbita Jaw/tmt re ordered. Ambulated to X-Ray - gait steady D Klopotoski RN |

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

Revised 3/2007

Name: _Hammonds, Richard_

Number: JD 8826

DOB: 7-25-88

Facility: SCI Dallas

DEF000534

Inmate Name:                                    Inmate Number:

| Date/Time | Discipline Abbreviation | Remarks Subjective, Objective, Assessment, Plan |
|---|---|---|
| 1/26/11 1310 | PRN | S. I/m brought to Disp for exam p̄ altercation. I/m c/o pain in ® cheek and Ⓛ wrist. I/m c/o he was punched in the face when he was on the ground. I/m denies blurred vision or any visual changes. I/m c/o pain in ears, but c/o pain in nose, cheek, + ® side of face. |
| | | O. AAO. Spit mask removed. ® cheek cleaned c̄ peroxide. ∅ laceration, but abrasion noted on ® cheek ⊕ edema noted over ® TMJ area ® ear clear TM intact PERRL Nares clean ∅ blood noted passages open ∅ edema noted. Pharynx clear ∅ bleeding ∅ erythema. ® front tooth chipped Hands handcuffed behind back - ∅ lesions ∅ open areas ∅ bleeding Hands warm c̄ good circulation - Dr. Amin in to see I/m & examine |
| | | A. s/p altercation |
| | | P. See Rec. I/m to get pan. x-ray from dental to R/o fx of jaw. Will order facial/orbit X-rays. Will see on s/c 1/27/11 to re-eval. If pain meds not ordered from Dental, will order Motrin from medical.              C Bunk PA-C |

**CHERYL BUNK, PA-C**

000009

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P. O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

_353754_
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Robin Lucas | FACILITY: SCI-Dallas | DATE: 2-4-2011 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Richard Hammonds JD 8826 | SIGNATURE of INMATE: _Richard Hammonds_ | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: POR 6 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter.  Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance.  Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8 ½" x 11" page). *State all relief that you are seeking.*

On 1-26-11 at or around 12:30 sgt Bucc opens KB 35 cell without staff present nor was inmate in hand cuffes I, inmate Hammonds unsuccessfully tries to close cell door then I exited cell running towards back stairwell where c/o Harrison is shouting "hey Hammonds you fuckin pussy" not realizing that inmate is creeping until inmate shouts "what pussy c/o turns around inmate then tries to attach c/o. Headman sees this and shouts watch out runs and intervines placing inmate on the ground. While on the ground officer Harrison repeatedly punches inmate in the right side of his face & nose thus cuvsing blood to drip at that same time officer Headman excessively squeezes handcuffs on inmate's left wrist Bucc sprat he's bleeding get the spit mask. Headman then forcefully place spit mask around inmates head and neck choking inmate with mask calling him niggers several times. then take's inmate into RHU Day Room where several other officers kick, punch and spit on the inmate shouting saying things such as nigger, pussy and faggot and sgt Bronco smates you nigger I wish it where 400 years ago where I could hang you! inmate grieves staff excessive force, cruel and unusal punishment, assault by officers. all in violation of 8th and 14 Amendments inmate also grieves racial discrimination

WITNESSES
Rodney Smith
HY6N8 /camera
Davon Hayes
GF-5255

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Spoke to security they laughed and said I should've never assaulted and officer I am lucky that thats all they did!

I would like immediate transfer and seperations on all officer's involved in the incident and investigation

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_Signature of Facility Grievance Coordinator_        2-8-11
                                                     Date

Rejected
# 1a

WHITE - Facility Grievance Coordinator Copy  CANARY - File Copy  PINK - Action Return Copy  GOLDENROD - Inmate Copy
Revised
April 2005

DEF000009

000008

# GRIEVANCE REJECTION
## SCI Dallas
1000 Follies Road, Dallas, PA 18612

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Richard Hammonds | | Inmate Number: | JD 8826 |
|---|---|---|---|---|
| Facility: | Dallas | | Unit Location: | POR 6 |
| Grievance #: | 353754 | | | |

| Decision: | | Rejection | |
|---|---|---|---|
| | | *Your grievance is being rejected for the reason(s) outlined below.* | |
| Rationale: | | | |
| X | | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. | |
| X | | a) DC ADM 801 Inmate Discipline/Misconduct Procedures | |
| | | b) DC ADM 802 Administrative Custody Procedures | |
| | | 2. Grievance does not indicate that you were personally affected by a Department or facility action or policy. | |
| | | 3. Group grievances are prohibited. | |
| | | 4. The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. | |
| | | 5. Grievance must be legible, understandable, and presented in a courteous manner. | |
| | | 6. The grievance exceeded the two page limit. Description needs to be brief. | |
| | | 7. Grievances based upon different events must be presented separately. | |
| | | 8. The grievance was not submitted within fifteen (15) working days after the events upon which claims are based. | |
| | | 9. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance #            submitted on | |
| | | 10. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. | |
| | | 11. The issue(s) presented on the attached grievance has been reviewed and addressed. Prior   grievance # | |
| | | 12. The publication appeal was not submitted on the DC 804, Part 1 form and/or did not include a copy of the IPRC denial form. | |
| | | 13. Grievance is related to current litigation and will not be addressed in this forum. | |
| | | 14. You have not provided this Office with required documentation for proper review. | |
| Response: | | | |
| | | | |

| Signature: | Stasia M. Lanning for/ |
|---|---|
| Title: | Facility Grievance Coordinator |
| Date: | 2-8-11 |

cc:   Superintendent
      Ms. Lucas
      DC-15
      File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-C*

DEF000008

000007

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P. O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
353754
GRIEVANCE NUMBER

OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR Super intendent  Walsh | FACILITY: SCI Dallas | DATE: 2-13-20 |
| FROM: (INMATE NAME & NUMBER) Richard Hammonds JD 8826 | SIGNATURE of INMATE: Richard Hammonds | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: POR 6 | |

RECEIVED 2011 FEB 22 PM 12:07 SUPERINTENDENTS OFFICE

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). *State all relief that you are seeking.*

I Am APPEALING STASIA M. LANNING'S REJECTION of grIEVANCE # 353754 whereas she state's I cannot grieve a staff assaulting me, using EXCESSIVE FORCE AND BASICALLY violating my DUE PROCESS AND Constitutional Rights under the Equal protection clause Sgt Buck Can show no Authority under State law, State custom, or State USAGE to Do what he Did opening cell door with-out HANDCUFFS. the Courts Authorizes Any Person who is depr-ived of Any Right, Privilege, or immunity secured to him by the [365 U.S. 180] Constitution of the united State's, to bring an Action Against the wrong doer in the FEDERAL courts, AND that without Any limit what soEver As to the Amount or in controversy. Sgt Buck' misuse of power violated my Fourteenth Amendment Indeed he Acted with A SPECIFIC intent to deprive ME of A FEDERAL right secured to ME under the Equal protection clause the merit of this constitutional claim is Evident. BASED UPON STASIA LANNING'S DECISION to REJECT the Atempt grieve staffs violation of FEDERAL Rights secured to me under the Equal protection clause, Due process clause AND Right to Adequately Exaust State REMEDIES to the fullest EXtent. Is in itself a violation of DOC policy it State's in the inmate handbook EVERY einmate has the Right to properly USE the grievance System and no RETALIATION shall be inflicted UPON inmate in   Atempt to intimidate him from Sailing through with the claims

B. List actions taken and staff you have contacted, before submitting this grievance.

FIlED FirST lEvEl GriEVANCE but got REjECtED IN AN Attempt to discourage inmate From Adequately Using grIEVANCE SYStem

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator          Date

**WHITE** - Facility Grievance Coordinator Copy  **CANARY** - File Copy  **PINK** - Action Return Copy  **GOLDENROD** - Inmate Copy
Revised
April 2005

DEF000007

000006

*μ/L*

## Facility Manager's Appeal Response
### SCI Dallas
1000 Follies Road
Dallas, PA  18612

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | Richard Hammonds | | Inmate Number: | JD 8826 |
|---|---|---|---|---|
| Facility: | Dallas | | Unit Location: | FRA |
| Grievance #: | 353754 | | | |
| Publication (if applicable): | | | | |

| Decision: | ☒ Uphold Response (UR) |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate or dismiss. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | UR | | *Frivolous* | |
|---|---|---|---|---|

I have reviewed your grievance, the Grievance Coordinator's rationale for the return of your unprocessed grievance and your appeal.

The Acting Grievance Coordinator's decision not to process your grievance is accurate.  The grievance is in violation of DC-ADM 804.  Be advised the information is being forwarded to the security office to be handled as an allegation of abuse.

Therefore, I uphold the initial decision.

| Signature: | Jerome W. Walsh | *Jerome W. Walsh* |
|---|---|---|
| Title: | Facility Manager | |
| Date: | February 22, 2011 | |

JWW:sml

cc:   Ms. Lucas
      Captain Pall
      DC-15
      File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

DEF000006

000005

CT Appeals

353754
Grievance #

Central office

- I am appealing superintendent walsh's rejection of grievance # 353754 whereas state's I cannot grieve staffs using excessive force, a staff member assault c, and basically violation of my due process and equal protection rights secured me under the US constitution and a violation of DOC policy

## facts:

- 12:30 1-26-11 sgt buce opened cell 25KB without proper instruction I emptied to closed cell door then it opened up again c/o Harrison is shouting F fu commands you f---ing p-y I then become angry and runs towards th, buce stairwell and attempts to attach said officer but got took under control then Harrison repeatedly punches me in my face in the right side n nose causing it to bleed at the same time c/o Headmon is excessively squeezing handcuffs on my left wrist sgt buce states hes bleeding get the spit mask they give Headmon mask he forcefully places mask on my face and chokes me with mask takes me into the R day room where staff cc punch and spit on me calling me names ..

- staff can show no authority under color of state law, state claim or state ince to do what the did by sgt buce misuse of power violated my 14th amend ecause he acted with specific intent to deprive me of a federal right secured me under the constitution ..

- staff cannings rejection of it is in violation of Doc policy inmate Handbook e: it states every inmate has the right to adequately use grievance system and superintendent th deliberate indifference to Doc policy under professional code of ethics B:2 only a minimum amount of force necessary to defend one self or others to prevent escape, to rest serious injury or damage to property or to quell a disturbance or riot will be used excessive force, violence, or intimidation will not be tolerated. B:14 employees will promptly port to their supervisor any information which comes to their attention and indicate iolation of the laws, rules and/or regulations of the dept of corrections and will intain reasonable familiarity with the provision of such directives.

CC: filed

Respectfully submitted
Richard Hammands
JD 8826

DEFENDANT'S
EXHIBIT
100



DEFENDANT'S
EXHIBIT
94

DEF0000074



DEFENDANT'S
EXHIBIT
95

DEF0000075



DEFENDANT'S
EXHIBIT
96

DEF0000076



DEFENDANT'S
EXHIBIT
97

DEF0000077

I Davon Hayes #6F-5255 Cell KA 24 Cell Swear under the Penalty of perjury that the forgoing is true and correct to the best of my personal knowledge and observation.

1) On 1-26-11 at or around 12:30pm I heard c/o Harrison conducting rounds to which I over heard him shout loudly upstairs to prisoner Hammonds JO8826 "Hey Hammonds you fucking Pussy" To which I seen prisoner Hammonds come from the Back stair wells out of no where and assault c/o Harrison c/o Headman interve. and helped c/o Harrison than they placed him on the ground.

2) c/o Harrison then proceeded to punch prisoner Hammonds in his face while on ground. Repeatedly causing blood to drip. Prisoner was not resisting he complied with all the orders given to him not to move still he continued to assa. manner.

3) I also witness c/o Headman Excessively Squeezing hand cuffs on prisoner wrist causing h to shout out in pain.

4) Sgt. Buck came from RHU Day Room and order c/o John Doe to get spet mook to try cover up prisoner Bruise's from the camera.

5) After John Doe did this c/o Headman forcefully placed it around prisoner He and neck "calling him Nigger" several times then they took him to RHU Day Ro where I heard them again assaulting prisoner while he call for help.

Executed at: SCI-Dallas

Dated: January 30, 2011



Davon Hayes #6F-5

Davon Hayes #6F-52

**EXHIBIT 12**

**DEFENDANT'S EXHIBIT 22**



EXHIBIT
9

## Declaration of Delli Santi

I prisoner Delli Santi cell KB 17 cell hereby swear un the penalty of perjury that the foregoing statement is true and cor ect to the best of my personal know Ledge.

1. On 1-26-11 I heard prisoner Hammonds tell c/os passing trays around that he got skipped for breakfast

2. and I also heard the same things for lunch then I heard c/os laug at him calling him names

3. I observed c/o Heavman making rounds and stop at KB 25 cell and state into his radio we need a can of mace for KB 25 cell Hammonds ha his door covered then the same guards who passed lunch trays are collect them and walked passed prisoner Hammonds cell calling him names

4. I heard prisoner state to someone he feels suicidial and I heard that person say No I think your trying to manipulate me

5. I then hear Sgt Bucc at his door saying restart this and at 12:30 want to see what your about I'm going to open your door nigger

Excuted at: S.C.I. Dallas
given to prisoner Hayes to
give to prisoner Hammonds
Date 1-28-11

*Delli Santi*
Delli Santi

DEFENDANT'S
EXHIBIT
9

EXHIBIT
8

## AFFIDAVIT OF TIMOTHY DOCKERY

I TIMOTHY DOCKERY, DO HEREBY DECLARE THAT I HAVE BEEN EXPERIENCIN
MANY OF THE SAME SYMPTOMS THAT RICHARD HAMMONDS EXPERIENCED AS A
RESULT OF SEVERAL RHU OFFICERS PUTTING SOME UNKNOWN SUBSTANCE IN
OUR FOOD WHEN THE BREAKFAST, LUNCH & DINNER MEAL TRAYS ARE SERV

I WAS RELOCATED FROM THE SSNU TO THE RHU AUGUST 16, 2011 AND
A FEW WEEKS AFTERWARD I MET RICHARD HAMMOND AND DISCOVERED THAT
HE WAS HAVING THE SAME PROBLEMS THAT THE OFFICERS WERE PUTTING SOME-
IN HIS FOOD TO CAUSE OUR SYMPTOMS.

I'VE BEEN COMPLAINING ABOUT THE FOOD TAMPERING SINCE JANUARY
2011 WHICH THERE'S RECORDS OF MY COMPLAINT. HAMMONDS HAS RECORDS THAT
SHOWS HE HAVE BEEN COMPLAINING ABOUT THE FOOD TAMPERING SINCE MARCH,
APRIL 2011. WE ARE BOTH NEW IN THE INSTITUTION; NEVER BEEN IN
GENERAL POPULATION - FROM DIFFERENT CITIES THEREFORE WE WERE UNABLE
TO GET TOGETHER AND CONCOCT OUR EXPERIENCES WITH THE GAURDS
HERE A FRACKVILLE. THE ONLY THING THAT WE HAVE IN COMMON TO
CAUSE THE GAURDS TO TAINT OUR FOOD IS THAT WE HAVE PAST INCIDENTS
AND COMPLAINTS INVOLVING GAURDS AND WE HAVE A LOT OF MANY DISCIPLINARY
CUSTODY TIME AND EXPERIENCE IN THE L-5 UNITS.

I SWEAR UNDER THE PENALTY OF PERJURY SWORN FALSIFICATION
TO AUTHORITIES 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE
AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEFS.

DATED: JANUARY 6, 2012

TIMOTHY DOCKERY BK-8487
1111 ALTAMONT BLVD.
FRACKVILLE, PA. 17931

DEFENDANT'S
EXHIBIT
18

on 4-14-12 I Donald Murphy here by DecLare under the penalty of purjury that the foregoing is true and correct to the best of my personal knowledge on 4-14-12 I Donald murphy DecLare under the Denalty of purjury that on numerous occasions I've witnessed Cloke And Sgt Long take inmate Food trays into RHU bubble Come Back out and walk towards the Back where the trays are And bring the trays onto the Block and pass them out I Recently over Heard an inmate by the name Richard Hammonds complaining to the security capt CLARK Also superintendent collins, Pete Damiter, Kavolchik and Deputy lorady and they all stated that they Did not believe his staff would do that I wrote this Declaration in good Faith I Also Fear Retaliation please Refer to this as anonymity Because these guards and officials are Obstrerous.



Signed





DEFENDANT'S
EXHIBIT
21

## MEDICAL INCIDENT/INJURY REPORT

| PERSON INVOLVED | (Last Name) HAMMONDS | (First Name) Richard | (Middle Initial) | Reported to Dispensary |
|---|---|---|---|---|

**PERSON INVOLVED** (Last Name) HAMMONDS  (First Name) Richard  (Middle Initial)

Male: ☒  Female: ☐  Age: 2a

Reported to Dispensary
Date: 1 · 12 ·  /11  AM
Time: 7:88 1248 (PM)
Seen in RHU

| Date of Incident 1-26-11 | Time of Incident ☐ A.M. ☒ P.M. 1230 | Exact Location of Incident RHU Range 4 |
|---|---|---|

**INMATE** ☒  Facility No. JD8826  Housing Unit K   Work Related   Yes ☐   No ☒

SUPERVISOR:

**EMPLOYEE** ☐  Department   Job Title

**VISITOR** ☐  Home Address   Home Phone

**OTHER** ☐  Occupation   Reason for Presence at this Facility

Property Involved: ☐   Equipment Involved: ☐   Describe:

Was person authorized to be at location of incident:
☐ Yes  ☒ No

Describe exactly What Happened. Why it happened. Action Taken. If an Injury, State Part of Body Injured. If Property or Equipment Damaged, Describe Damage.   1. Description of Illness/Injury

I/m involved in assault on Co Harrison

(Continue On Reverse)

| Was Physician Notified? ☒ Yes  ☐ No | Was Family Notified?  Yes ☐  No ☐ |
|---|---|

| Was Person Involved Seen by a Physician? ☒ Yes  ☐ No | Date / / | Time | A.M. P.M. | Where | Physician's Name |
|---|---|---|---|---|---|

| Was Person Involved Taken To A Hospital? Yes ☐  No ☒ | Date / / | Time | A.M. P.M. | Where | By Whom |
|---|---|---|---|---|---|

2. Initial Impression Illness/Injury

C/o pain left wrist and Hand pain.

has Blood from Nose
has Chipped front tooth
right cheek has superfical abrasions,
left wrist swollen, painfull to touch
skin intact

**TYPE OF INJURY**
1. Laceration ☐
2. Hematoma ☐
3. Abrasion ☐
4. Burn ☐
5. Non Apparent ☐
6. Other ☐
Specify _____

Indicate on Diagram Location of Injury

3. Treatment Rendered: evaluation, seen in Dispensary by PA Bunk, DR Amin, face cleaned c̄ H₂O.

Follow-Up placed in infirmary

| Date of Report 1 /26/11 | Signature & Title of Person Preparing Report | Reviewing Authority |
|---|---|---|
| | | DEF000032 |

## MEDICAL INCIDENT/INJURY REPORT

| PERSON (Last Name) HARRISON | (First Name) Thomas | (Middle Initial) K | Reported to Dispensary Date: 1 /26 /11 AM Time: 1230 PM |
|---|---|---|---|

Male: ☒  Female: ☐  Age: 36

| Date of Incident 1/26/11 | Time of Incident ☐ A.M. 1230 ☒ P.M. | Exact Location of Incident K/A 4 Rang |
|---|---|---|

| INMATE ☐ | Facility No. | Housing Unit | Work Related  Yes ☒  No ☐ |
|---|---|---|---|

SUPERVISOR:

| EMPLOYEE ☒ | Department SECURITY | Job Title CO I |
|---|---|---|

| VISITOR ☐ | Home Address | Home Phone |
|---|---|---|

| OTHER ☐ | Occupation | Reason for Presence at this Facility |
|---|---|---|

| Property Involved: ☐   Equipment Involved: ☐   Describe: | Was person authorized to be at location of incident: ☒ Yes  ☐ No |
|---|---|

Describe exactly What Happened. Why it happened. Action Taken. If an Injury, State Part of Body Injured. If Property or Equipment Damaged, Describe Damage.   1. Description of Illness/Injury   INVOLVED IN ALTERCATION ON

Range with Inmate

(Continue On Reverse)

| Was Physician Notified? ☐ Yes ☒ No | Was Family Notified?  Yes ☐  No ☒ |
|---|---|

| Was Person Involved Seen by a Physician? ☐ Yes  ☐ No | Date / / | Time | A.M. P.M. | Where | Physician's Name |
|---|---|---|---|---|---|

| Was Person Involved Taken To A Hospital? Yes ☒  No ☐ | Date / / | Time | A.M. P.M. | Where WBSH | By Whom |
|---|---|---|---|---|---|

2. Initial Impression Illness/Injury
AmB to K-A Day Room
P Inmate Assault, Said
Unsteady to Pronounced
Limp. ® Knee c
Mottling present Tender
to touch. From c some Pain + Diff-
iculty c movement. (L) Periorbital ESR
Reddonenes present (L) outer ear Red. PERLA

TYPE OF INJURY
1. Laceration ☐
2. Hematoma ☐
3. Abrasion ☐
4. Burn ☐
5. Non Apparent ☐
6. Other ☐

Specify _____

Indicate on Diagram Location of Injury



3. Treatment Rendered: Assessed   Elevated/ice   Extremities

| Follow-Up  To WBSH |
|---|

| Date of Report 1 /26/11 | Signature & Title of Person Preparing Report | Reviewing Authority |
|---|---|---|

DEF000034

## MEDICAL INCIDENT/INJURY REPORT

| PERSON INVOLVED | (Last Name) Hesoman | (First Name) John | (Middle Initial) |
|---|---|---|---|

Reported to Dispensary
Date: ( 126/ 11  AM
Time: 1335  PM

Male: ☒   Female: ☐   Age: 44

| Date of Incident 1.26/11 | Time of Incident 1230  ☐ A.M.  ☒ P.M. | Exact Location of Incident  KA  Renge 4 |
|---|---|---|

| INMATE ☐ | Facility No. | Housing Unit | | Work Related   Yes ☒   No ☐ |
|---|---|---|---|---|

SUPERVISOR:

| EMPLOYEE ☒ | Department  Sccur,oy | Job Title  CO I |
|---|---|---|

| VISITOR ☐ | Home Address | Home Phone |
|---|---|---|

| OTHER ☐ | Occupation | Reason for Presence at this Facility |
|---|---|---|

Property Involved: ☐   Equipment Involved: ☐   Describe:

Was person authorized to be at location of incident?
☐ Yes   ☐ No

Describe exactly What Happened. Why it happened. Action Taken. If an Injury, State Part of Body Injured. If Property or Equipment Damaged, Describe Damage.   1. Description of Illness/Injury  INVOLVED  IN  STAFF  ASSULT

Boy  on  Inmate

(Continue On Reverse)

| Was Physician Notified?   ☐ Yes   ☒ No | Was Family Notified?   Yes ☐   No ☒ |
|---|---|

| Was Person Involved Seen by a Physician?   ☐ Yes   ☒ No | Date  / / | Time   A.M. P.M. | Where | Physician's Name |
|---|---|---|---|---|

| Was Person Involved Taken To A Hospital?   Yes ☐   No ☒ | Date  / / | Time   A.M. P.M. | Where | By Whom |
|---|---|---|---|---|

2. Initial Impression Illness/Injury

abrud to Abrasions
Nured Abent 4th +5th
Knuckles. No
Bleeding Noted
min Edema noted

Indicate on Diagram Location of Injury

TYPE OF INJURY
1. Laceration ☐
2. Hematoma ☐
3. Abrasion ☒
4. Burn ☐
5. Non Apparent ☐
6. Other ☐
Specify _____

3. Treatment Rendered:  Assesed  Cleanser

Follow-Up  Panel  of  Physicens

| Date of Report 1.26/11 | Signature & Title of Person Preparing Report | Reviewing Authority |
|---|---|---|

DEF000036

RICHARD HAMMONDS
JDE8216
SCI SMITHFIELD
PO BOX 999
1120 PIKE ST
HUNTINGDON PA 16652

RECEIVED
SCRANTON

AUG 21 2014

PER _____ DEPUTY CLERK

CLERKS OFFICE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG & US COURT HOUSE
235 NORTH WASHINGTON AVE
PO BOX 1148
SCRANTON PA 18501