**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD ALLEN HAMMONDS,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-1666 |
| v. | : | (MANNION, D.J.) |
| **JEROME WALSH**, *et. al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is a Motion for a New Trial filed by the plaintiff, Richard Hammonds, on December 17, 2014. (Doc. 198). For the reasons discussed below, the Motion for a New Trial is **DISMISSED** as untimely.

Federal Rule of Civil Procedure 59(b) states that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." This 28 day period is "jurisdictional" and cannot be extended, even for good cause. Smith v. Evans, 853 F.2d 155, 157, 161 n.3 (3d Cir. 1988). Indeed, Rule 6(b)(2) explicitly states that "[a] court must not extend the time to act under Rule[ ]... 59(b)." The jury returned a verdict in favor of the defendants on September 4, 2014. (Doc. 174). The plaintiff did not file a motion for a new trial until December 17, 2014, which is well outside of the 28-day time period provided by Rule 59(b). (Doc. 198). Accordingly, the court must dismiss the

Motion for a New Trial as untimely.

Even if Rule 59(b) did not necessitate dismissal, the court would still deny the motion on substantive grounds. The plaintiff filed his Motion for a New Trial pursuant to Rule 60(b)(2), essentially arguing that one of the witnesses at this trial, Inmate Hayes, was coerced into providing false testimony by corrections officers, and that the outcome of the trial would have been different had Mr. Hayes' truthful testimony been presented to the jury. (Doc. 199). However, Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial." Floorgraphics, Inc. v. News America Marketing In-Store Services, Inc. 2011 WL 1486558, at *2 (3d Cir. Apr. 20, 2011) (quoting Compass Technology, Inc. v. Tseng Laboratories, Inc. 72 F.3d 1125, 1130 (3d Cir. 1995)). The plaintiff fails to satisfy this test.

First, the plaintiff would not be permitted to offer the alleged statements of Mr. Hayes and the DOC employees because they are not parties to the instant action and, accordingly, this testimony would be considered hearsay outside of an exception. Fed. R. Ev. 803. Second, Mr. Hayes has already offered testimony regarding what he was able to see from his cell (Tr. 59), that he had heard a "commotion" (Tr. 60), that he had heard an officer scream (Tr. 60), that he had specifically heard the plaintiff screaming that he had been

punched (Tr. 61), among other testimony. The plaintiff was afforded the opportunity to question Mr. Hayes and to ask any follow-up questions during this testimony. It is unlikely that any additional testimony from Mr. Hayes would change the outcome of the trial. As such, the court would deny the plaintiff's Motion for a New Trial even if it was not already required to dismiss the Motion for untimeliness.

It is for these reasons that the Motion for a New Trial is **DISMISSED** as untimely. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 6, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-1666-02.wpd